### JOHN HASKINS *vs.* HENRY W. BURR.

An agreement between A. and B., after reciting that B. had purchased a manufactory and business, and was desirous of securing A.'s services therein, and that A. was desirous of having an opportunity at some time of acquiring an interest therein, stipulated that A. should give B. his promissory notes for a certain sum; that B. should pay A. a fixed amount for his services; that the profits of the business should be applied to the payment of mortgages on the property; and that if the mortgages should be paid from the profits, and A.'s notes should be paid, B. would convey to A. one half of the business, and not otherwise. Before the mortgages were paid off, or A.'s notes paid, B. sold the property, whereupon A. filed a bill in equity against him, praying an account and for other relief. *Held,* on demurrer, that A. and B. were not partners; that A. had an adequate remedy at law; and that, as there was no allegation that an action at law was pending or to be brought, the bill could not be maintained as a bill for discovery.

BILL IN EQUITY, alleging that the plaintiff and defendant, on April 9, 1866, entered into a written agreement in which, after a recital that the defendant had purchased an india rubber factory and was desirous of securing the services of the plaintiff in the business, and that the plaintiff was desirous of having an opportunity at some time of acquiring an interest and ownership in the property and business, it was agreed that the plaintiff should give to the defendant his promissory notes on demand for $5000; that the defendant should pay to the plaintiff for his services the annual sum of $1500; that the defendant should draw for himself $2000 annually; that the profits of the business, over and above all expenses and interest paid out, should be applied to the payment of the mortgages and incumbrances on the property; and that, if from the profits the mortgages and incumbrances should be paid as they became due, and the notes given by the plaintiff should in the mean time be paid, the defendant should convey to the plaintiff one half of the property and business, and not otherwise. Other portions of the alleged agreement are not now material.

The bill further alleged that on July 1, 1869, the defendant sold the property to Charles M. Clapp, and the business under the agreement was thus brought to a close by the defendant without consulting the plaintiff; that up to that time the plaintiff well and faithfully performed his part under the agreement, paid regularly the interest on his notes, and was never asked to pay

the principal; that by the conveyance to Clapp the defendant disabled himself from complying with the agreement; that the defendant had entire charge of the accounts; that the business under the agreement was very profitable, and sufficient profit was made, over and above all expenses, to pay the mortgages and incumbrances on the property; but that the defendant wholly neglected and refused to render any account to the plaintiff; and that, even if the profit was not so sufficient, yet, as the defendant by selling the property had deprived the plaintiff of all opportunity to proceed under the agreement to make further profits, the plaintiff was entitled to share in such profits as had been made, even if less than the amount of the mortgages and incumbrances.

The prayer was for an account, and for such further and other relief in the premises as the nature of the case might require. The defendant filed a general demurrer; and the case was reserved by the chief justice for the determination of the full court.

*H. C. Hutchins*, for the defendant.

*E. Blake*, for the plaintiff.

COLT, J. The bill does not directly allege the existence of a partnership between these parties, but the plaintiff now claims that, by the terms of the agreement set forth, they became in fact partners as between themselves, and that this suit in equity can be maintained. The agreement contained mutual stipulations. On the part of the plaintiff it was agreed, in substance, that he should render service for the defendant in a rubber factory which he had recently become owner of, at a fixed annual compensation; and on the part of the defendant, that if the mortgages and incumbrances on the property should be paid as they became due, from the profits of the business, and the plaintiff's notes on demand, given at the same time, should in the mean time be paid, he would convey to the plaintiff one half of the property and business, and not otherwise. There were other stipulations, but upon the question whether a partnership was created they are not material.

It is plain that this agreement is executory. It does not provide for an immediate partnership. The obligation of the defendant to convey an interest in the concern is contingent. There

is no joint property in the capital invested. There is no such interest in the profits as will entitle the plaintiff to an account, and give him a specific lien upon them or preference in payment over other creditors. He has in one sense an interest in the profits, because their accumulation and application to the incumbrances upon the property hasten one of the contingencies upon which he may demand a conveyance and have a right to be a partner in the business ; but he has no property in the profits.

If the contingencies have happened upon which the plaintiff may demand his right to be admitted to share in the business, and the defendant has refused to perform his agreement, or has intentionally put it out of his power to perform, the plaintiff has his remedy at law to recover damages for the breach, which is plain, adequate and complete. This is not a bill for a specific performance of a contract to enter into a partnership, or to convey real estate ; and although it is preliminary to, and contemplates a partnership, the remedy upon it is at law.

If, in an action at law, from the nature of this agreement, an inquiry into profits is involved, it is only for the purpose of determining what extent of damage the plaintiff has suffered by the defendant's refusal to permit him to complete the agreement so as to become entitled to share in the business. The inquiry into the profits is only collateral. The bill cannot be maintained as a bill of discovery, to ascertain profits made by the defendant, because it contains no averment that a suit at law is now pending or is to be brought. *Pease* v. *Pease*, 8 Met. 395.

The contract does not give the plaintiff a right to an account of profits as prayed for in the bill, for any purpose except as above indicated ; and the case is not within that clause of the statute which gives this court jurisdiction in equity in suits upon accounts, when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law. Gen. Sts. *c.* 113, § 2. 1 Story Eq. § 459.

*Demurrer sustained.*