ERNST G. WACHTER, Plaintiff in Error, v. JOHN C.
HEMAN, Defendant in Error.

St. Louis Court of Appeals, December 12, 1899.

1. **Equity Suit:** DISSOLUTION OF PARTNERSHIP: PARTNER-
SHIP AGREEMENT EXECUTORY. A suit in equity to dissolve a
co-partnership agreement, contingent, never consummated and no
earned profits for distribution, is not maintainable.

2. ———: ———: ———: REMEDY: ACTION AT LAW. Where
the agreement to form a co-partnership remains contingent, and is
abandoned by one of the parties, the action by the other is one at
law for breach of the agreement.

Appeal from the St. Louis City Circuit Court.—*Hon.
William Zachritz,* Judge.

AFFIRMED.

*Frederick A. Wind* for plaintiff in error.

The agreement constituted plaintiff and defendant part-
ners. (a) They were jointly interested in the net profits
(b) Both contemplated ownership in common in the horses
bought and to be bought. (c) They adopted and used a firm
name. Macloy v. Freeman, 48 Mo. 234; Lengle v. Smith,
48 Mo. 276; Plummer v. Frost, 81 Mo. 425; Deyerle v.
Henet, 50 App. 541.

No brief for defendant in error.

BIGGS, J.—This is an action in equity in which the
plaintiff seeks the dissolution of an alleged partnership be-
tween him and defendant, and the appointment of a receiver
to take charge of the partnership property and for an account-
ing.

The averments of the bill are to the effect that in 1895, the plaintiff and defendant entered into a partnership agreement to buy and race thoroughbred horses; that plaintiff was to select the horses and train them; that defendant was to advance the money to buy the horses and to pay for their keep; that the sums of money so furnished should be repaid to defendant out of the first earnings of the horses, and after that the profits of the business were to be equally divided between the parties. Then follow allegations of the purchase of certain horses, of the amount of money advanced by defendant, of the earnings of the horses, the amount refunded to defendant, the balance due defendant on account of advances, and that the defendant had wrongfully taken possession of the horses and denied that plaintiff had any property interest in them.

The answer is a general denial.

At the hearing the circuit court dismissed the bill, and from the judgment of dismissal the plaintiff has prosecuted a writ of error.

The evidence of plaintiff tends to prove the averments in the bill. In defense of the action the defendant testified that the agreement as to the partnership was executory and contingent, that is the plaintiff was to have an equal interest with defendant in the horses when they won sufficient money to reimburse defendant for advances. He further testified that at the time he took possession of the horses he had not been fully reimbursed, a fact that the plaintiff conceded. In corroboration of this testimony the defendant introduced two witnesses who testified that plaintiff admitted to them that the agreement was as testified to by defendant. Evidently the circuit court accepted this view of the evidence, which we think was justifiable. Was it right in dismissing the bill? Unquestionably so. The agreement of the defendant to admit plaintiff into a co-partnership with him was executory and con-

tingent, and under it the plaintiff could claim no existing interest in the horses.    Neither did he have any interest in the earned profits, for he admits that they were insufficient to fully reimburse defendant for his outlays.    If the defendant violated this agreement, or has put it out of his power to perform it, the remedy of the plaintiff is an action at law for damages for its breach.    Haskins v. Burr, 106 Mass. 48; Hoile v. York, 27 Wis. 209; Wiggins v. Graham, 51 Mo. 17.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.    It is so ordered.