THE TEXAS COMPANY ET AL V. W. H. IVEY ET AL.

No. 7717. Decided May 28, 1941.
Rehearing overruled June 25, 1941.
(152 S. W., 2d Series, 738.)

*Underwood, Johnson, Dooley & Wilson,* of Amarillo, for appellants.

On question of whether the issue of unavoidable accident was properly submitted to the jury. Yellow Cab. v. Underwood, 144 S. W. (2d) 291; Thurman v. Chadler, 125 Texas 34, 81 S. W. (2d) 489; Dallas Ry. & Ter. Co. v. Brown, 97 S. W. (2d) 335.

*Stennis & Osborne,* of Pampa, for appellee.

On the proposition that the definition of unavoidable accident as given by the court was correct and proper. Dallas Ry. & Ter. Co. v. Garrison, 45 S. W. (2d) 183; Magnolia Coco Cola Bottling Co. v. Jordan, 124 Texas 347, 78 S. W. (2d) 944; West Texas Coaches v. Madi, 26 S. W. (2d) 199.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This case is before us on certificate from the Honorable Court of Civil Appeals of the Seventh District at Amarillo. The certificate discloses that a judgment for damages for personal injuries was rendered in the trial court in favor of Ivey against The Texas Company and T. D. Fitzgerald, the driver of its truck. Ivey was employed by the Llano Construction Company which carried compensation insurance with Southern Underwriters. It paid Ivey compensation and in this suit he joined it as a party, recognizing its right to subrogation under Art. 8307, Sec. 6a. The Texas Company and Fitzgerald joined the Llano Construction Company.

According to the certificate the injuries were sustained on a bridge across the North Fork of Red River. Ivey and other employees of the Llano Construction Company were riding on a truck being operated by the company. There were

no sideboards behind the cab. These employees were sitting on the truck bed with their legs hanging off the side toward the center of the bridge. While crossing the bridge that truck met a truck of The Texas Company which was traveling in the opposite direction and which was being driven by T. D. Fitzgerald, one of its employees. The trucks did not strike each other, but ran so close together that Ivey's leg was struck by The Texas Company truck and was badly crushed. In answer to special issues the jury found that The Texas Company and Fitzgerald were negligent in several respects, which acts of negligence were proximate causes of the injuries sustained by Ivey. In answer to other special issues the jury found that Ivey was negligent in certain respects, which acts of negligence were proximate causes of his injuries. In answer to still other issues, submitting the ground of liability upon the doctrine of discovered peril, the jury made findings in favor of Ivey and such findings were made the basis of the judgment rendered by the trial court. The judgment rests alone upon the ground of discovered peril.

Three questions are certified to us. The first two relate to the definition of unavoidable accident and the third relates to an argument of counsel with reference to the issue of unavoidable accident. The certificate does not set out the objections to such definition as presented to the trial court. However, the transcript accompanies the record and those objections are set out therein.

The first and second questions certified are as follows:

"1. Did the trial court commit reversible error in overruling the above objection of The Texas Company and T. D. Fitzgerald, defendants, in regard to the manner of submitting the issue of unavoidable accident as set out above?"

"2. Was the manner of submitting the issue of unavoidable accident herein prejudicial to the rights of The Texas Company and T. D. Fitzgerald as claimed by them?"

While the first question makes reference to "the above objections," we answer same with respect to the objections as disclosed by the transcript. It is made to appear therefrom that the court prepared and submitted to counsel for their examination his first draft of his charge in which the term "unavoidable accident" was defined as follows:

"By the term 'unavoidable accident,' as used in this charge, is meant an unexpected or fortuitous event, which occurs with-

out anyone being to blame for it; that is, without anyone being guilty of negligence in doing or failing to do that particular thing which caused such event."

Thereafter, counsel for defendants, The Texas Company and Fitzgerald, filed very lengthy objections to same as follows:

"(a) Said definition, in so far as same is made to apply to the particular suit between the plaintiff, Ivey, and these defendants, by conditioning a finding of unavoidable accident upon a finding that the occurrence in question could not have been foreseen by anyone by the use of ordinary care, places upon these defendants a greater burden than they actually sustained in the matter of unavoidable accident, and permits of a finding favorable to plaintiff, towit, a finding negativing unavoidable accident upon a lesser degree of proof than that properly required on the part of plaintiff to procure such finding;

"(b) Said definition, in so far as same is made to apply to the particular suit between plaintiff, W. H. Ivey, and these defendants, by making a finding of unavoidable accident to be conditioned upon the absence of negligence on the part of anyone, places upon these defendants a greater burden than that properly sustained in this particular, and permits of a finding favorable to plaintiff, to-wit, a finding negativing unavoidable accident, upon a lesser degree of proof than that properly required on the part of plaintiff;

"(c) Said definition, in so far as it affects the particular suit between plaintiff, W. H. Ivey, and this defendant, fails to make a finding favorable to plaintiff, to-wit, a finding negativing unavoidable accident, dependent upon the absence on the part of the parties particularly concerned of negligence constituting a proximate cause of the occurrence complained of;

"(d) Said definition, in so far as it relates to unavoidable accident as a defense to the theory of discovered peril urged by plaintiff and the Southern Underwriters, improperly conditions a finding of unavoidable accident upon the absence of negligence on the part of plaintiff, for, so far as the theory of discovered peril is concerned, since the presence or absence of negligence on the part of plaintiff is immaterial to the liability of these defendants, it must similarly be immaterial as to the defense of unavoidable accident, which defense, under this record, presents itself to the allegation of discovered perils

as surely as it does to the initial allegation of negligence on the part of these defendants;

"(e) Said definition is too strict as it is not necessary that no one could foresee an event before it can be an accident;

"(f) Said definition is erroneous in the required lack of foreseeability in the absolute form stated, for it fails to have the jury look at the matter particularly from defendants' viewpoint under all the attending circumstances;

"(g) Said definition in its requirement that there must be absence of negligence of any one in an accident is too broad and santious the contingency that the theory of accident may be ruled out even if there was no negligence of either plaintiff or these defendants.

"(h) The said definition, by the use of the words: 'being to blame for it' ignores the proposition that the presence or absence of unavoidable accident depends not simply upon the presence or absence of negligence but upon the presence or absence of negligence sufficient to constitute proximate cause;

"(i) Said definition in its provision that an unavoidable accident is only one which occurrs without anyone being to blame for it is too broad and sanctions the contingency that the theory of accident may be ruled out even if the negligence, if any, on the part of either plaintiff or these defendants was insufficient to constitute the proximate cause of the occurrence."

In an effort to meet said objections, the Court redrafted his charge so that the definition actually submitted to the jury read as follows:

"By the term 'unavoidable accident,' as used in this charge, is meant an unexpected or fortuitous event, which occurs without either party being to blame for it; that is, without either party being guilty of negligence sufficient to constitute a proximate cause of the event in doing or failing to do that particular thing which caused such event."

1 After the definition was rewritten no other objections thereto were filed. We think it a sufficient disposition of the first two certified questions to state that, as applied to the redrafted definition, the objections were too general to present any question for review. To meet the requirements of Art. 2185, R. C. S. 1925, objections must clearly and specifically point out the particulars in which the definition is deficient or erroneous.

This salutary rule is so familiar that citation of authorities in support thereof may be dispensed with. As applied to the original definition the objections probably were sufficiently specific to direct attention to the alleged error in the use of the words "without anyone being to blame." They were likewise probably sufficient to present the question that the element of proximate cause should be included in the definition. The Court in rewriting the definition made an effort to meet those objections. Whether the redrafted definition is in all respects correct we need not decide, for, regardless of that question, it met the objections lodged to the original definition in so far as they were clear and specific, and if the defendants desired further correction they should have pointed out wherein there was error. We do not hold that it is necessary to refile objections to a charge after each change is made therein. On the contrary we hold that had the specific objections filed herein not been met in the redrafted definition, they would still present questions for review. But we hold that, in so far as such objections were clear and specific, they were met by the redrafted definition, from which holding it follows that the defendants cannot complain of the definition regardless of whether or not it is correct. The foregoing answers questions Nos. one and two.

The certificate discloses that counsel for plaintiff in his closing argument to the jury employed the following language: "Now, do you find that the injury was not the result of an unavoidable accident? Now, an unavoidable accident is where no one is to blame. Someone was to blame for this thing. You may reach a different conclusion as to who was to blame, but certainly somebody was to blame. There were two trucks down there, with about two and a half feet on that bridge, besides the space they took up, the only answer that the evidence warrants is that it was not an unavoidable accident."

"Did the trial court commit reversible error in overruling the motion of The Texas Company and T. D. Fitzgerald that the jury be instructed not to consider the above mentioned argmument to the jury by the plaintiff's counsel?"

2 The effect of the argument as a whole was that, if either truck driver was to blame, then it was not unavoidable. Such argument is in keeping with the definition as submitted to the jury in the court's charge. Clearly counsel commits no error in following the court's charge in addressing the jury. We have this day released an opinion in the case of Emma Hicks et al

v. Edna Brown (136 Texas 399, 151 S. W. (2d) 790) in which the theory of law advanced by the argument was upheld. The argument was not improper.

Question No. three is answered "No."

Opinion adopted by the Supreme Court May 28, 1941.

Rehearing overruled June 25, 1941.