**ALLRIGHT, INC., Appellant,**

v.

**William BRUBAKER, Appellee.**

**No. 541.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1971.

William Tipton, George Bishop, Tipton & Bishop, Houston, for appellant.

Hollis Cordray, Houston, for appellee.

BARRON, Justice.

This is a bailment case.

This suit was brought by William Brubaker against Allright, Inc., a corporation operating parking lots in Houston, Texas, for damages sustained to plaintiff's automobile caused by the theft of the vehicle from defendant's lot. Trial was to a jury, and upon a verdict on special issues the County Court at Law No. 2 rendered judgment for plaintiff, Brubaker. Defendant

perfected its appeal after the trial court denied its motion for new trial. No brief has been submitted by Brubaker, the appellee.

Sharon Fern Brubaker, wife of the plaintiff, testified that on the morning of April 19, 1968 at about 8:15 she parked her 1964 model Pontiac Catalina on an Allright, Inc. parking lot near the Melrose Building where she was employed. She drove into the parking lot, got out of the vehicle and received a ticket from the operator, which stated that the parking lot was not responsible for things stolen. She had been parking in said lot for about three years, and had read the receipts or tickets given her. This was not a parking lot where one could drive in and lock and park his own automobile, and it was required that the keys be left in the vehicle so the attendant could move it around during the day. She left her car in the driveway area that morning. About 4:30 p. m., as she was leaving the building where she was employed, she heard wheels "squealing". She looked up and saw her car being taken off the lot. She identified it as her car and it was being driven by a man unknown to her. She called the police and had them come out to the car lot and investigate the matter. The police found her automobile about two or three weeks later in a somewhat damaged condition, and Mrs. Brubaker was again given possession of it. The car was traded for another a short time later. She had no conversation at any time with the employees or officers of Allright, Inc. She did not know the attendant at the parking lot and did not see him at any time afterwards. No person connected with Allright, Inc. testified.

█ The facts are sufficient to show and it is undisputed that this case involves a mutual benefit bailment. In most bailment situations, upon the showing of a bailment relationship, there is a presumption of negligence on the part of bailee arising from his failure to return goods or property entrusted to him. Generally, this is rebutted by proof of loss arising from theft or fire, in which case the burden is then on plaintiff bailor to show that the loss was caused by the bailee's negligence. When this presumption is destroyed, the burden of going forward with evidence of bailee's negligence is again placed on the bailor, Brubaker. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 160 (1951).

Special issue no. 3 states:

"Do you find from a preponderance of the evidence that The Defendant, Allright, Inc. failed to remove the ignition key from Plaintiff's vehicle while it was on Defendant's lot?"

Special issue no. 4, to be answered only if no. 3 was answered affirmatively, asked whether such failure constituted negligence. Both issues were answered affirmatively. Defendant has timely objected to submission of these issues and has filed its motion for new trial making appropriate complaints. The objections have been properly preserved. See Rosas v. Shafer, 415 S.W.2d 889 (Tex.Sup.1967).

█ There is absolutely no evidence in this record to show any act or omission on the part of anyone until Mrs. Brubaker saw her car being stolen by someone in the late afternoon of April 19, 1968. It was not shown what the parking attendant did with the vehicle, whether he removed the keys, whether he reparked the car, failed to keep a proper lookout for the car, or any other circumstance whatsoever to throw light on possible negligence of Allright, Inc. proximately causing appellant's alleged damages. The record is wholly silent in this respect. Moreover, Mrs. Brubaker had known for approximately three year that keys were required to be left in vehicles in this type of parking lot so that cars could be moved or "jockeyed" at times for necessary and obvious reasons. This she had done and had by her extended acquiescence and knowledge clearly agreed to such conditions. The theft of her car was proven by her own testimony, bringing this case within the exception regarding fire and theft as above stated. The presumption of negligence under these circum-

stances on the part of the bailee is destroyed, and the burden of going forward with evidence of negligence is clearly placed upon the bailor, Brubaker, as though no presumption had ever existed. There is no evidence of negligence on the part of the bailee appellant under these circumstances. See also Mustang Aviation v. Ridgway, 231 S.W.2d 677 (Tex.Civ.App. —Dallas 1950, writ ref'd); Stringer v. Yarbrough, 378 S.W.2d 416 (Tex.Civ.App. —El Paso 1964, writ ref'd n. r. e.); West v. Slaughter, 384 S.W.2d 185 (Tex.Civ. App.—Waco, 1964 writ ref'd n. r. e.); 8 Tex.Jur.2d, Bailment, Sec. 51, pp. 265–266 (1959). The trial court should not have submitted to the jury special issues numbers three and four inquiring whether appellant failed to remove the ignition key from appellee's vehicle and whether such action was negligence. See Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898).

We have considered the case of Rhodes v. Turner, 171 S.W.2d 208 (Tex.Civ.App. —Fort Worth 1943, Mand. Overruled, 172 S.W.2d 972 [Tex.Sup.1943]), and we have concluded that such case is clearly distinguishable on the facts and is not here controlling.

The vital facts or issues which must be established are that the bailee was negligent and that this negligence proximately caused the damage. This must be shown by a preponderance of the evidence. Appellee's evidence is so weak as to create no more than a suspicion of this necessary negligence. When a court sustains a "no evidence" point, the normal course is to render judgment, as the trial court should properly have done, for appellant. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361, 368–369 (1960).

Appellant's first point of error is sustained. It is unnecessary that we consider its other points of error.

Judgment is reversed and rendered for defendant appellant.