**ALLRIGHT TEXAS, INC., et al.,**
**Appellants,**

**v.**

**George B. SIMONS, Appellee.**

**No. 16105.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 26, 1973.

Supplemental Opinion Aug. 9, 1973.

Second Rehearing Denied Oct. 4, 1973.

Rehearing Denied Nov. 8, 1973.

Tipton & Bishop, George M. Bishop, Ben L. Aderholt, Houston, for appellants.

S. Mitchell Glassman, Houston, for appellee; Glassman & Hittner, Houston, of counsel.

EVANS, Justice.

In September, 1969, appellee, George Simons, came to Houston from Dallas on a business trip. Shortly after noon he drove his car into an Allright parking lot at the intersection of Capitol and Travis Streets. Simons advised the parking lot attendant that he had certain valuable personal property in the car and asked if he could park and lock the car and take the keys with him. The attendant replied that this would not be possible since the car would have to be moved around but assured Simons that they had two men on duty and would take care of it. Simons was given a ticket stub so he could reclaim the automobile and he left for a business appointment across the street.

Later that same afternoon Simons returned for his car and presented the ticket stub to the attendant. After a search of the lot, it was ascertained that the automobile was not there and after discussion with the attendant and his supervisor, it was suggested that Simons report the matter to the police, which he did. Simons then returned by air to Dallas since all of his personal belongings, including his clothes and toiletries, had been left in the car. Subsequently the car was recovered but there was no recovery of the personal

property which Simons had left in the car. Simons brought this suit to recover the value of the personal property and for compensation for lost earnings and expenses which he said resulted from the loss of the automobile and his personal belongings.

In their answers to special issues, the jury found the entrustment of the automobile; failure to redeliver; notice to the parking lot attendant that the automobile contained personal items; appellants' failure to establish safeguards to prevent the theft; that such failure constituted negligence and was the proximate cause of the theft, both of the automobile and the personal property; and that appellee has suffered loss of earnings and had incurred expenses as a result of the theft. On the jury's verdict the trial court entered judgment for the appellee in the total amount of $1444.05 against defendants, Allright Texas, Inc. and Allright Garage, Incorporated also known as Allright Garage, Inc., both of whom the court found to be in business under the trade style and assumed name of Allright Auto Park.

In ten points of error, appellants assert that there was no evidence of negligence nor as to whether safeguards were or were not established to prevent theft and that the jury's findings in such respect and also as to the causation issue were not supported by sufficient evidence and were against the great weight and preponderance of the evidence.

The fact of the bailment to one of defendants' Allright Auto Park lots and the theft of the automobile by a third party is not disputed. Accordingly the burden was upon the appellee Simons to prove by a preponderance of the evidence that the theft of the automobile and the loss of his personal belongings therefrom was proximately caused by the negligence of the appellants. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157 (Tex.Sup.1961); Allright, Inc. v. Brubaker, 473 S.W.2d 593 (Tex.Civ.App.—Houston, 14th, 1971, no writ); Allright, Inc. v. DeWint, 487 S.W.

2d 182 (Tex.Civ.App.—Houston, 1st, 1972, no writ).

Appellee established through the testimony of one of the appellants' supervisors, Mr. Isabell, that cars were parked on the lot with the keys left inside and that the only way a person could get the car off the lot was to drive by the cashier's shack and to produce the ticket stub for the automobile. Appellee Simons testified that he had delivered the car into the hands of the attendant on the lot and left the keys with the attendant because the attendant had said that he would have to move the car and that the keys would have to be left with him. Upon this state of facts, the jury was justified in concluding that the parking lot attendants had permitted the car to be driven by the cashier's shack and off the lot without requiring the production of a valid ticket stub. It is undisputed that the ticket stub issued to appellee Simons was retained in his possession and presented by him to the attendant when he returned for his car, and it was not contended that appellee's actions in any manner facilitated the taking of the car from the lot. The jury could well have reasoned that the parking lot attendants' failure to take adequate safeguards to prevent the car from being stolen from the lot, whether by locking or removing the keys, or both, or by keeping the car or the exit way under continuing surveillance, constituted a neglect of their duty to exercise ordinary care, and that such negligence was the proximate cause of the theft of the automobile and the personal property. The facts of this case distinguish it from Allright, Inc. v. Brubaker, supra, and Allright, Inc. v. DeWint, supra, where the car owners had the option of parking and locking their automobiles and failed to do so. Here the facts are within the rationale of Rhodes v. Turner, 171 S.W.2d 208 [Tex.Civ.App.—Ft. Worth 1943, mandamus refused 141 Tex. 478, 172 S.W.2d 972].

Another case in point is Ablon v. Hawker, 200 S.W.2d 265 (Tex.Civ.App.—Dallas

1947, ref'd n. r. e.), in which the automobile owner had left his car with a garage and was given a ticket stub with which to redeem his automobile. The garage closed at 7:30 p. m. and the owner left the premises at 7:45 p. m. and according to his custom placed the key over the sun visor above the windshield with a note asking the owner to deposit 30¢ in the envelope along with his car stub and to then push the envelope across the garage counter so it would fall on the floor. The garage owner then departed the premises, leaving the door open and no barrier or obstruction to prevent the car from being stolen and it was stolen later that evening. The Dallas Court of Civil Appeals in its original opinion (with dissent) reversed and rendered the case for the defendant, holding that while it was possible the defendant had not used ordinary care in taking precautionary measures to prevent strangers from entering the premises, such failure of duty was not "active" negligence and did not necessarily imply the defendant was guilty of ordinary negligence. Upon motion for rehearing the Court of Civil Appeals (with dissent of the author of the original opinion) affirmed the trial court's judgment and held that the defendant did owe the car owner some measure of protection and that it became a factual question as to whether the safeguards extended by the garage owner during the period of bailment were commensurate with his continuing duty to exercise ordinary care.

From the facts and circumstances here presented, the jury could have decided that the failure of appellants to maintain safeguards against theft was a want of ordinary care and constituted negligence which proximately resulted in the theft of appellee's automobile and personal property. See also Clark v. Pringle, 375 S.W.2d 571 (Tex.Civ.App.—Houston, 1st, 1964, n. w. h.); Trammell v. Whitlock, supra. We overrule appellants' points seven, ten, eleven, twelve, fourteen, fifteen, sixteen, eighteen, nineteen and twenty.

■ We next discuss appellants' points asserting that the trial court erred in the submission of the negligence issues to the jury, contending that these issues are "global" and failed to specify the particular acts of negligence. We are of the opinion that appellants did not preserve error, if any, in the submission of the court's charge by reason of noncompliance with Rule 274, Texas Rules of Civil Procedure, which reads in part:

"A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections . . ."

Special Issue No. 5, as actually submitted by the court to the jury, was as follows:

"Do you find from a preponderance of the evidence that at the time of the theft of George B. Simons' automobile from the parking lot where it was parked, the employees of Allright Auto Parks failed to establish safeguards to prevent the theft of George B. Simons' automobile?"

Appellants' rather lengthy objections to the court's charge were obviously aimed at an earlier draft of the charge which inquired as to whether the parking lot attendants had failed to establish *security and safeguards* to prevent theft. The objection under consideration was:

". . . it is multifarious submission; it inquires into security and safeguards to prevent the theft and thereby renders Special Issue No. 5 a global issue; it does inquire as to two different acts. We request this issue be submitted as follows, 'Do you find from a preponderance of the evidence that Allright failed to keep a sufficient number of at-

tendants on such lot to properly safeguard Plaintiff's vehicle?' And, secondly, to satisfy the multifarious objection, 'Do you find from a preponderance of the evidence that Allright failed to provide sufficient barriers on such lot to provide security?' Those two issues we would request be submitted in place of Special Issue No. 5."

In an apparent effort to comply with appellants' objection, the trial court deleted the term "security" from the issue prior to its submission and appellants made no further objection to the charge. The trial court's original draft of the charge is not before us, and we can only speculate as to its contents. The proper procedure to preserve objection to the amended charge is outlined in McDonald, Texas Civil Practice, Rev.Ed.1970, Sec. 12.31, Vol. 3, pp. 416–17). In any event, it seems apparent that any error in the court's amended charge was invited by the very nature of the appellants' objections which we deem waived by appellants' failure to reassert against the amended charge. Texas Company v. Ivey, 137 Tex. 100, 152 S.W.2d 738 (Tex.Com.App., Sec. A 1941, opinion adopted). We overrule appellants' points thirteen, seventeen and twenty-one.

■ We overrule appellants' thirty-second point of error which assigns error in the submission of Special Issue No. 3, complaining that the question of redelivery of the automobile to appellee was not an ultimate issue. While this fact was uncontroverted by appellants, we do not regard its submission as harmful error. City of Houston v. Parkinson, 419 S.W.2d 900 (Tex.Civ.App.—Houston, 1st, 1967, ref. n. r. e.).

We next come to the question of whether appellee met his burden of establishing the entrustment of his automobile and personal property to the defendants (appellants here) against whom the judgment was entered.

■ In response to Special Issue No. 1 the jury found that appellee Simons had entrusted his automobile to an Allright Auto Park at the north*west* corner of the intersection of Travis and Capitol Streets. Appellants' first point of error is that the jury's answer to this charge is against the great weight and degree of the evidence and that the testimony is overwhelming that the bailment contract was with Allright Texas, Inc. which operated Allright Auto Park at the north*east* corner of the intersection. Appellants base their contention upon testimony of a parking lot supervisor that the ticket stub was the type issued by Allright Texas, Inc., the owner of the north*east* corner lot. We find the testimony to be in conflict on this point and do not find the jury's answer to Special Issue No. 1 to be against the great weight and preponderance of the evidence. On the contrary, it was further established by the testimony that on occasion the tickets of one parking lot had been used by another lot and that the employees had on occasion been moved around to work on other lots. Appellee clearly and positively testified that he parked his car at the north*west* corner lot which was operated by the appellant Allright Garage, Inc. Appellants' first point of error is overruled.

■ In supplemental brief appellants assert that the trial court's entry of judgment against both Allright Texas, Inc. and Allright Garage, Inc., was error and that there are no findings or pleadings to support such judgment. The evidence established the existence of five separate Allright corporations: Allright, Inc., Allright Auto Parks, Inc., Allright Texas, Inc., Allright Parking Systems, Inc., and Allright Garage, Incorporated, and it was stipulated that in the event a final judgment was entered, all named defendants who were not named as judgment debtors in the judgment would jointly and severally guaranty the prompt payment of the judgment. There was considerable testimony concerning the interlocking nature of the five

companies, and the evidence showed that all bookkeeping was handled through one company, Allright, Inc., and that the employees were paid by that company or Allright Auto Parks, although they might actually render services to one or more of the other Allright defendants. The trial court's finding that the two defendants named in the judgment had been doing business under the trade style and assumed name of Allright Auto Park is supported by the evidence and the trial court was justified in looking beyond corporate form and in determining, as a matter of law, that the relationship between the corporations constituted in reality a single business enterprise. Murphy Bros. Chevrolet Co. v. East Oakland Auto Auction, 437 S.W.2d 272, 276 (Tex.Civ.App. —El Paso, 1969, ref. n. r. e.). Moreover, even if the judgment in this respect be considered error, we hold it is not reversible error since there was no assignment of error in the trial court as required by Rule 324, Texas Rules of Civil Procedure; Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887 (1960). We accordingly overrule appellants' points thirty-five and thirty-six, and for the same reasons overrule appellants' points two, three, four, five, six, eight, nine, twenty-two, thirty-three and thirty-four.

■ Arriving at the damage issues, we first consider appellants' points that the issues as to appellee's necessary and reasonable expenses should not have been submitted for the reason that appellee did not sue for partial damage to the automobile but rather for the total loss of its contents, and therefore consequential damages resulting from the loss of the automobile were not recoverable. We cannot agree with appellants' contention. Appellee testified he was compelled to return to his home in Dallas and thereby incur expense of a cab and airline fare because all of his clothes and personal effects had been taken with his car. He further testified he had to rent a car and had to send a man back to

Houston to retrieve his car after it was found. We find these issues were properly submitted and are supported by the evidence. Rhodes v. Turner, supra; Campbell v. Portsmouth Hotel Co., 91 N.H. 390, 20 A.2d 644, 135 A.L.R. 1196 (1941), and authorities therein collated. We overrule appellants' points of error twenty-eight, twenty-nine, thirty and thirty-one.

Appellants' points of error twenty-three, twenty-four, twenty-five, twenty-six and twenty-seven complain that the appellee was not entitled, as a matter of law, to lost earnings resulting from the theft; that there was insufficient evidence to support the jury's finding thereon; that the jury's finding was against the great weight and preponderance of the evidence; and that there was no evidence to support the jury's finding as to the extent of appellee's loss and that such finding was against the great weight and preponderance of the evidence.

■ We are of the opinion that appellant's point of error number twenty-three must be sustained. While the issues of negligence sound in tort, the basis of appellants' duty to appellee is the bailment contract. In the absence of evidence that appellants' employees were on notice of the nature of appellee's business purposes and should have foreseen the damages that would result from their failure to perform their duty under the bailment contract, there is no sufficient basis for concluding that the appellee's loss of earnings under some collateral enterprise was within the contemplation of the parties at the time the bailment contract was made. O'Connor v. Smith, 84 Tex. 232, 19 S.W. 168 (1892); Grand Prairie Gravel Company v. Joe B. Wills Co., 188 S.W. 680 (Tex.Civ.App.— Amarillo 1916, writ ref.). We find no evidence in the record which reflects that appellants or their employees knew or were on notice of the nature of appellee's business affairs, and we are of the opinion that the trial court erred in submitting the issue of appellee's loss of earnings and in

entering judgment in favor of appellee on such issue.

The trial court's judgment represents the total sum of the jury's findings of $300.00, as loss of earnings; $112.05 as reasonable and necessary expenses, and $1,032.00, as the fair market value of the personal effects which were stolen. For the reasons stated above, we affirm the judgment of the trial court provided appellee files a remittitur of $300.00 within fourteen days after the date of this opinion; otherwise, the cause will be reversed and remanded. Rule 440, Texas Rules of Civil Procedure.

### Supplemental Opinion on Filing of Remittitur

On July 26, 1973, we indicated by an opinion in writing that if appellee would file a remittitur of $300.00 by August 9, 1973, the judgment of the trial court will be reformed and as reformed would be affirmed; and that otherwise the judgment of the trial court would be reversed and the cause remanded. Appellee has filed the suggested remittitur of $300.00.

Accordingly, as of this date the judgment of the trial court is reformed by deducting the amount of $300.00 from the judgment recovered by appellee, and, as so reformed, is affirmed.

### On Motion for Rehearing

We deny appellant's motion for leave to file supplemental transcript containing the court reporter's notes, and related affidavits, of appellants' objections to the court's charge for the reason that same do not bear the official signature of the trial judge as required by Rule 272, T.R.C. P. Long v. Smith, 466 S.W.2d 32 (Tex. Civ.App.—Corpus Christi (1971), writ ref. n. r. e.) ; McDonald, Texas Civil Practice (1970 Rev.Ed.), Vol. 3, Sec. 12.28, pp. 405–7.

Appellants' motion for rehearing is also denied.