**PARAMOUNT PETROLEUM CORPORATION, Appellant,**

v.

**TAYLOR RENTAL CENTER, Appellee.**

No. B14–85–484–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 1986.

Rehearing Denied May 15, 1986.

J.F. Svetlik, Houston, for appellant.

Ray Schindler, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

CORRECTED OPINION

CANNON, Justice.

Paramount Petroleum Corporation ("Petroleum"), appellant, appeals a judgment rendered in favor of Taylor Rental Center ("Taylor"), appellee, on an equipment rental contract. Petroleum challenges the legal and factual sufficiency of the evidence and the trial court's refusing to admit defendant's exhibit number five. We find the evidence both legally and factually sufficient. We further find that the trial court did not abuse its discretion in refusing to admit exhibit number five as a sanction for Petroleum's failure to produce it. We therefore affirm the trial court's judgment.

Four different persons on four different occasions during June and July 1981 approached Taylor to rent pumps and sandblasting equipment for use on the M/V Courtney D, a seagoing vessel. Each time, Taylor released equipment for use on the Courtney D. A Captain Jackson made the first rental request. Before releasing the equipment, the Taylor representative obtained credit information from Captain Jackson. The representative called the telephone number Captain Jackson gave to him. A person who answered the telephone saying "Paramount" verified that Paramount had employed Captain Jackson and had authorized him to rent equipment on its behalf. The person also told the Taylor representative to send the invoices to Paramount at its Houston post office box.

The second rental request was made by a Captain Weld. Captain Weld presented his business card to Taylor. His business card bore the name "Paramount Steamship Company, Ltd." ("Steamship"). Taylor's invoices list only Steamship as debtor.

It is undisputed that the equipment was actually used on the Courtney D. It is also undisputed that the invoices pertaining to the four rentals were never paid. The issue in dispute is whether *Petroleum* was liable on those invoices.

Petroleum's first two points of error challenge the legal and factual sufficiency

of the evidence to support the trial court's judgment that Petroleum was liable for the rental charges. In deciding a "no evidence" point, which is a question of law, we consider only that evidence and the reasonable inferences therefrom which, viewed in its most favorable light, supports the jury finding; and, we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400, 401 (Tex.1981). In determining questions of factual sufficiency, we consider and weigh all the evidence in the case. We set aside the verdict and remand the cause for new trial if we conclude that the evidence is too weak to support the finding or that the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1952); *Precision Homes, Inc. v. Cooper,* 671 S.W.2d 924, 929 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Because we have found more than a mere scintilla of evidence in favor of the trial court's judgment, and because we must weigh this evidence against the evidence suggesting a lack of privity between Petroleum and Taylor, we will discuss Petroleum's first two points of error together.

This case was tried to the court without a jury, and no findings of fact or conclusions of law were filed or requested. Thus, the trial court's judgment implies all necessary fact findings in support of the judgment. *Goodyear Tire & Rubber Company v. Jefferson Construction Company,* 565 S.W.2d 916, 918 (Tex.1978); *Popkowsi v. Gramza,* 671 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no writ). Furthermore, the trial court's judgment should be affirmed if it can be upheld on any legal theory supported by the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977); *Popkowsi, supra,* at 918.

▇ The first theory justifying the trial court's judgment is the "single business enterprise" theory put forward in *Allright Texas, Inc. v. Simons,* 501 S.W.2d 145, 150 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) and *Mur-*

*phy Brothers Chevrolet Company, Inc. v. East Oakland Auto Auction,* 437 S.W.2d 272, 275–76 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.). We discern from these cases that when corporations are not operated as separate entities but rather integrate their resources to achieve a common business purpose, each constituent corporation may be held liable for debts incurred in pursuit of that business purpose. Factors to be considered in determining whether the constituent corporations have not been maintained as separate entities include but are not limited to the following: common employees; common offices; centralized accounting; payment of wages by one corporation to another corporation's employees; common business name; services rendered by the employees of one corporation on behalf of another corporation; undocumented transfers of funds between corporations; and unclear allocation of profits and losses between corporations. *Allright, supra; Murphy Brothers, supra.*

We find the present record contains evidence sufficient to justify an implied finding that Petroleum and Steamship operated as a single business enterprise. The same shareholder owned all of the stock in both companies. The two companies operated from the same Houston office. They used the same telephone number and the same post office box. Both companies paid funds to Captain Jackson for repair work on the Courtney D. The employees of both companies referred to both companies as "Paramount". Petroleum transferred funds, with no ledger entries, to a checking account over which an employee of Steamship was signatory. The president of Steamship testified that assets of Petroleum were seized when the Courtney D was seized. All accounting for the two companies was performed at the Houston office by an employee paid by Petroleum. Finally, Petroleum failed to produce, in response to discovery requests, any corporate records of either corporation. This evidence demonstrates that the corporations were not operated as separate entities.

The evidence also shows that the corporations shared the goal of restoring the Courtney D. Petroleum funded the bank account from which the restoration expenditures were paid. Petroleum's employees performed the accounting for the restoration. Steamship's employees performed the actual reconditioning work and hired subcontractors. We conclude that Petroleum and Steamship formed a single business enterprise. Therefore, we find the single business enterprise theory supported by the evidence.

■ The trial court's judgment may also be upheld on a partnership by estoppel theory. Tex.Rev.Civ.Stat.Ann. art. 6132b § 16 (Vernon 1977) provides in pertinent part as follows:

When a person, by words spoken or written or by conduct, represents himself ... as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership....

A finding of partnership by estoppel requires two elements: (1) representation that the one sought to be bound is a member of a partnership (2) reliance by one to whom the representation is made by giving credit to the partnership. Both elements are present in the instant case. Petroleum represented itself as a partner by identifying itself in a telephone conversation with Taylor as "Paramount" and by requesting the invoices be sent to its attention at its post office box. It further represented itself as a partner by allowing Steamship to occupy the office listed under only Petroleum's name. Taylor clearly relied on Petroleum's representation. Before Taylor would release the equipment to Captain Jackson it called Petroleum's telephone number to confirm that Captain Jackson was authorized to rent the equipment and that the invoices would be paid. We find the theory of partnership by estoppel supported by the evidence. We overrule appellant's points of error one and two.

■ In its third point of error, the appellant argues the trial court erroneously denied admission into evidence of Defendant's Exhibit No. 5. Petroleum offered this exhibit as evidence. Taylor objected claiming that the exhibit had not been produced in response to its discovery request. After a lengthy discussion, the trial court stated "This isn't any way we can get this in evidence." Petroleum responded: "Well, Judge, then I will just ask him the questions. I withdraw it."

Taylor argues Petroleum waived any complaint by withdrawing its offer. We agree. In *Beken v. Elstner*, 503 S.W.2d 408 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ) this court held that when an objection to the admissibility of testimony is withdrawn, even following an adverse ruling by the court, the objection is not preserved for review. After the court refused to admit defendant's exhibit number five Petroleum withdrew its exhibit, thereby waiving any complaint about the court's ruling.

Although Petroleum did not offer the exhibit in a bill of exceptions after the court refused to admit it in evidence at trial, Petroleum offered the exhibit as evidence in its motion for new trial. The trial court admitted the exhibit for the limited purposes of the motion for new trial.

■ Since the exhibit appears in the record we will review it, in the interest of justice, to determine whether the trial court abused its discretion in excluding it. We may review the exhibit in spite of the absence of a bill of exceptions. Tex.R.Civ.P. 372 (b), (c), and (*l*) (Vernon 1985); *Guynn v. Corpus Christi Bank & Trust*, 589 S.W.2d 764, 772–73 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd). Tex.R.Civ.P. 215 (2)(b)(4) (Vernon Supp.1986) authorizes a trial court to refuse to allow a party failing to comply with proper discovery requests to introduce designated matters in evidence. Taylor's motion for discovery was directed to Paramount Petroleum Corporation. The motion requested that Petroleum produce "The employment records of each and every seaman, master, ship's

husband, crewman and officer aboard the vessel Saratoga from January 1, 1981 to date." Defendant's Exhibit No. 5 is a contract between Steamship and Captain Jackson under which Captain Jackson would perform certain services for the Courtney D. Captain Jackson was a Master of the Courtney D. The Courtney D and the Saratoga are the same vessel; after Steamship purchased the Saratoga, Steamship changed the vessel's name to "Courtney D". We find the contract within the scope of the discovery request. The trial court did not abuse its discretion in refusing to allow Petroleum to enter into evidence that which it failed to produce.

Even if the trial court had abused its discretion in excluding the exhibit, we would find this error harmless. The contract pertains only to Captain Jackson's capacity as agent. Captain Jackson's agency is irrelevant to the theories upon which we uphold the trial court's judgment. The agency of Captain Jackson does not affect whether Steamship and Petroleum acted as a single business enterprise or as partners. Thus, error in excluding the exhibit, if any, was harmless. *Swinney v. Winters*, 532 S.W.2d 396, 403 note 2 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). We overrule Petroleum's third point of error.

We affirm the trial court's judgment.