**Tami L. RUSSELL, Plaintiff,**

v.

**MIDWEST-WERNER & PFLEIDERER, INC., and Kenneth R. Lehr, Defendants.**

No. 95–4142–SAC.

United States District Court, D. Kansas.

Feb. 25, 1997.

Brenda L. Head, Davis, Unrein, Hummer & Buck, L.L.P., Topeka, KS, Gary D. McCallister, Gary D. McCallister & Assoc., Ltd., Chicago, IL, for Tami L. Russell.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Midwest–Werner & Pfleiderer, Inc., Kenneth R. Lehr.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

■ The parties recently submitted briefs on the following issue. Does the number of the defendant's employees for purposes of the statutory damage caps under 42 U.S.C. § 1981a(b)(3) include the foreign parent corporation Werner & Pfleiderer Gummitechnik GmbH's (Gummitechnik's) employees? The plaintiff argues the foreign parent corporation constitutes the "employer" under the integrated enterprise test, thus making its employees the relevant number for the statutory cap. The defendant opposes on several grounds, including that Gummitechnik's foreign operations are not subject to the provisions of Title VII.

The damage limitations are a sliding scale based on the number of employees. 42 U.S.C. § 1981a(b)(3). For example, "in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year," the complaining party may not recover more than $50,000 in compensatory and punitive damages. 42 U.S.C. § 1981a(b)(3)(A). Having never named Gummitechnik in her suit, the plaintiff does not address how Gummitechnik now can be considered a "respondent." [1]

---

1. By definition, a "respondent" may include "an employer, employment agency, labor organiza- tion, . . . ." 42 U.S.C. § 2000e(n). By operation, the "respondent" is the "employer, employment

Even if Gummitechnik had been a named "respondent" here and could be considered an integrated enterprise with the domestic subsidiary corporation, the case law does not support counting Gummitechnik's foreign employees towards the damage caps. "[F]oreign employees of a foreign corporation are not considered employees for purposes" of counting the total number of the defendant's employees. *Rao v. Kenya Airways, Ltd.*, No. 94–Civ–5103, 1995 WL 366305, at *2 (S.D.N.Y.1995) (citing *Goyette v. DCA Advertising, Inc.*, 830 F.Supp. 737, 745 (S.D.N.Y.1993)); *see Kim v. Dial Service International, Inc.*, No. 96–Civ–3327, 1997 WL 5902 (S.D.N.Y. Jan.8, 1997); *Robins v. Max Mara, U.S.A., Inc.*, 914 F.Supp. 1006, 1009 (S.D.N.Y.1996); *cf. Morelli v. Cedel*, No. 96–Civ–2874, 1997 WL 61499 at *2–*3 (S.D.N.Y. Feb.12, 1997) (Age Discrimination in Employment ("ADEA") case); *Feit v. Biosynth International, Inc.*, No. 95–C–6774, 1996 WL 99726 (N.D.Ill. Mar.4, 1996) (ADEA case).

■ This general rule is a combined reading of two relevant statutes. "With respect to employment in a foreign country, such term ("employee") includes an individual who is a citizen of the United States." 42 U.S.C. § 2000e(f). Unless an American citizen, a person employed abroad is not an "employee" under Title VII. The other statute contributing to the general rule is 42 U.S.C. § 2000e–1(c)(2), which provides: "Sections 2000e–2 and 2000e–3 of this title shall not apply with respect to the foreign operations of an employer that is a foreign person not controlled by an American employer." Unless controlled by an American employer, a foreign employer's foreign operations are not subject to Title VII. Stated conversely, the general rule is that with respect to foreign employment Title VII applies only to American citizens employed abroad by American companies or their foreign subsidiaries. *Cf. Morelli*, 1997 WL 61499 at *4.

Consequently, the employees of Gummitechnik are not counted towards the statutory damage cap because foreign employees employed abroad are not employees, § 2000e(f), and because Title VII does not apply to a foreign employer's foreign operations unless controlled by an American employer, § 2000e–1(c)(2). The plaintiff offers nothing to overcome both of these statutory hurdles. There is no evidence of record showing that an American employer controlled Gummitechnik and that Gummitechnik's employees working abroad were American citizens. For these reasons, Gummitechnik's employees should not be counted as employees in determining the statutory damage cap under 42 U.S.C. § 1981a(b)(3). There is no apparent logic to counting as employees under § 1981a(b)(3) those who are not even protected by federal discrimination laws. *Cf Morelli*, 1997 WL 61499 at *4.

IT IS THEREFORE ORDERED that in counting the employees for purposes of 42 U.S.C. § 1981a(b)(3), the court shall not count Werner & Pfleiderer Gummitechnik GmbH's employees.

agency, labor organization, . . ." whom the aggrieved person alleges committed an unlawful employment practice and against whom the charges and, if necessary, an action are brought and served. 42 U.S.C. § 2000e–5. *Cf. Tomka v. Seiler Corp.*, 66 F.3d 1295, 1315 n. 14 (2nd Cir.1995); *Blankenship v. Warren County, VA.*, 931 F.Supp. 447, 450 (W.D.Va.1996).