Cynthia **WILDRIDGE**, Plaintiff,

v.

**IER, INC.**, Defendant.

No. 3–99–CV–0517–L.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 2, 1999.

David K. Watsky, Gillespie, Rozen & Watsky, P.C., Dallas, TX, for Plaintiff.

Russell D. Chapman, Mark D. Downey, Bell, Nunnally & Martin, PLLC, Dallas, TX, for Defendant.

---

### MEMORANDUM OPINION AND ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff Cynthia Wildridge has filed a motion for leave to amend her complaint in this Title VII case. For the reasons stated herein, the motion is granted in part and denied in part.

### I.

Plaintiff was employed as finance administrator for IER, Inc. from March 5, 1995 until February 17, 1998. During her tenure with the company, she alleges that "[d]efendant treated French employees better than American employees and engaged in a pattern and practice of national origin discrimination." (Complaint ¶ 6). Plaintiff filed a charge of discrimination with the EEOC on August 11, 1998. The charge was dismissed because "[r]espondent employs less than the required number of employees or is not otherwise covered by the statutes." (Def.Motion, Exh. A). Plaintiff then filed this action in federal court.

Defendant promptly moved to dismiss the case on the ground that it employs less than 15 people and therefore is not subject to the requirements of Title VII.[1] Plaintiff attempts to cure this jurisdictional defect by amending her complaint to name IER SA, a French corporation, as a party-defendant. She alleges that "IER and IER SA are a single, integrated business enterprise that is an employer engaged in commerce as that term is defined in 42 U.S.C. § 2000e and related case law." (Plf. Motion, Exh. C at ¶ 4).[2] Defendant opposes

the motion for leave to amend because: (1) plaintiff has not exhausted her administrative remedies as to IER SA; and (2) the proposed amendment would be futile. The legal issues have been fully briefed by the parties and this matter is ripe for determination.

### II.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading with leave of court, "and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Court should consider: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) undue prejudice to the opposing party; and (3) futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993), *citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Absent one of these reasons, leave to amend should be granted. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981).

### III.

Defendant argues that the proposed amendment would be futile because Title VII does not apply to the operations of foreign employers who are not controlled by an American employer. *See* 42 U.S.C. § 2000e–1(c)(2). Indeed, several district courts have held that employees of foreign entities not controlled by domestic employers cannot be counted toward Title VII coverage for any purpose. *See, e.g., Minutillo v. Aqua Signal Corp.*, 1997 WL

---

**1.** Title VII applies to employers who have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ..." 42 U.S.C. § 2000e(b). A district court lacks subject matter jurisdiction to entertain a suit against an employer who does not satisfy this statutory definition. *See Greenlees v. Eidenmuller Enterprises, Inc.*, 32 F.3d 197, 198 (5th Cir.1994).

**2.** The factors to be considered in determining whether separate entities constitute a single,

integrated enterprise are: (1) interrelated operations; (2) centralized control of labor operations; (3) common management; and (4) common ownership or financial control. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983). Defendant contends that leave to amend should be denied because plaintiff "has failed to present any cognizable summary judgment evidence to support *even one* of the four elements required by *Trevino* ..." (Def. Response at 5) (emphasis in original). Of course, such evidence is not required at this stage of the proceeding.

156495 at * 2 (N.D.Ill. March 31, 1997); *Russell v. Midwest–Werner & Pfleiderer, Inc.,* 955 F.Supp. 114, 115 (D.Kan.1997); *Kim v. Dial Service International, Inc.,* 1997 WL 5902 at *3 (S.D.N.Y. January 8, 1997).

However, this rationale was recently rejected by the Second Circuit in *Morelli v. Cedel,* 141 F.3d 39 (2d Cir.1998). The plaintiff in *Morelli* sued a Luxemborg bank and its New York branch office under the Age Discrimination in Employment Act. *Id.* at 41. Defendants moved to dismiss the case because the ADEA does not apply to foreign entities and the domestic branch office had less than 20 employees—the minimum required by statute. The court disagreed. It pointed out that employees under age 40 were included in the count, even though they were not protected by the statute. *Id.* at 44–45. "The nose count of employees relates to the scale of the employer rather than to the extent of protection." *Id.* at 45. The court went on to discuss the reasons for the minimum-employee requirement. These include: (1) the burdens of compliance and potential litigation costs; (2) the protection of intimate and personal relations existing in small businesses; (3) potential effects on competition and the economy; and (4) constitutionality concerns under the Commerce Clause. *Id.,citing Tomka v. Seiler Corp.,* 66 F.3d 1295, 1314 (2d Cir.1995) (Title VII case). The court concluded that "[n]one of these reasons suggests that whether a foreign employer is subject to the ADEA should turn on the size of its U.S. operations alone." *Id.* Accordingly, employees of the foreign corporation were properly counted in determining whether the defendant was an "employer" under the ADEA. *Id.*

The same reasoning applies here. The exemption for overseas operations of foreign companies speaks only to the substantive protections of Title VII. It does not preclude counting employees of these foreign entities for purposes of determining

whether the minimum-employee threshold is met. The reasons for requiring a minimum number of employees are not implicated when foreign and domestic companies, acting as an integrated enterprise, have more than 15 employees combined. *See id; Tomka,* 66 F.3d at 1314.

■ The Court concludes that plaintiff may count the employees of IER SA in meeting the jurisdictional requirements of Title VII. However, IER SA is not a proper party to this suit because Title VII does not apply "to the foreign operations of an employer that is a foreign person not controlled by an American employer." 42 U.S.C. § 2000e–1(2)(c). Plaintiff may therefore amend her complaint to allege that IER and IER SA are a "single, integrated business enterprise." Leave to join IER SA as a party-defendant is denied.[3]

Plaintiff shall file an amended complaint in proper form by September 16, 1999.

SO ORDERED.

---

**3.** The Court need not determine whether plaintiff has exhausted her administrative remedies as to IER SA since it will not be joined as a party to this suit.