NUMBER
13-02-671-CV

 

                                            COURT
OF APPEALS

 

                                 THIRTEENTH
DISTRICT OF TEXAS

 

                                     CORPUS
CHRISTI-EDINBURG

________________________________________________________           ____

 

SSP PARTNERS and METRO NOVELTIES,
INC.,                        Appellants,

 

                                                             v.

 

GLADSTRONG INVESTMENTS (USA)

CORPORATION,                                                                                Appellee.

_______          
_____________________________________________________

 

                            On
appeal from the 332rd District Court 

of Hidalgo County,
Texas.

          
____________________________________________________________

 

OPINION ON MOTION FOR REHEARING 

 

                       Before
Justices Hinojosa, Yañez, and Castillo

                                       Opinion
by Justice Castillo

 

Appellants SSP Partners ("SSP")
and Metro Novelties, Inc. ("Metro") and Appellee Gladstrong
Investments (USA) Corp. ("Gladstrong")  have all filed motions for rehearing. 








Appellee Gladstrong asserts that the
common law doctrine of "apparent manufacturer" is inconsistent with
the statutory scheme of indemnity between manufacturers and sellers and did not
survive enactment of the statute. 
Gladstrong therefore requests that we reconsider our previous ruling and
affirm the trial court's no-evidence summary judgment for Gladstrong. 

Appellant Metro asserts that the single
business enterprise theory does not require joinder of all its members and that
the failure to join Gladstrong Hong Kong is not a proper basis on which to
reject that theory.  Metro further urges
that Gladstrong qualifies in its own right as a statutory manufacturer, relying
on the Federal Consumer Products Safety Act and enabling regulations  rather than the Texas statutory language
presented in section 82.001(4) of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 82.001(4) (Vernon 2005).  Metro further argues that the claim for
common law indemnity should be remanded on all grounds, including status as an
"upstream supplier," rather than solely on the basis of
"apparent manufacturer."  Metro
has also moved this Court to supplement the record.

Appellant SSP similarly argues that (1) it
was not necessary to make Gladstrong Hong Kong a party to the underlying suit
in order for the claim of single business enterprise to be viable, and (2)
Gladstrong qualifies in its own right as a statutory manufacturer. SSP also
argues that we erroneously failed to reach the issue of guardian ad litem fees
and urges that the motion for rehearing be granted because all dispositive
issues were not addressed. 








Metro and SSP seek to employ the single
business enterprise doctrine to have Gladstrong USA stand in the shoes of
Gladstrong Hong Kong and be vicariously liable for Gladstrong Hong Kong's
potential direct liability, particularly on their indemnity claim.  We have reviewed the cases cited for the proposition
that joinder of Gladstrong Hong Kong was not required as a prerequisite to
presenting a viable claim under the single business enterprise theory.  We nevertheless find those cases to be
distinguishable. 

Texas recognizes the "single business
enterprise doctrine" to prevent an entity from relying upon corporate form
to evade an existing debt or legal obligation.  See Paramount Petroleum Corp. v. Taylor
Rental Ctr., 712 S.W.2d 534, 536 (Tex. App.BHouston
[14th Dist.] 1986, writ ref'd n.r.e.) (sufficient evidence to support the
single business enterprise theory, as well as the theory of partnership by
estoppel,  to permit recovery on
outstanding invoices); Byrne v. Harris Adacom Network Servs., 11 S.W.3d
244, 247-48 (Tex. App.BTexarkana 1999, pet. denied) (discussing
that allegations included single business enterprise as well as piercing of
corporate veil in order to collect on outstanding promissory notes).[1]  








In Wildridge v. IER, Inc., 65 F.
Supp.2d 429, 431 (N.D. Tex. 1999), the court denied joinder of a foreign entity
but did permit the plaintiff to rely on the single business enterprise theory
for the purpose of establishing a sufficient number of employees to trigger
application of Title VII for her employment discrimination claim.  However, recovery was sought against the
named defendant that was alleged to be directly liable.[2]









In re U-Haul Intl., Inc., 87 S.W.3d 653 (Tex. App.BSan Antonio 2002, orig. proceeding)
derived from a personal injury claim, rather than an already-existing legal
obligation, but the question before the court on mandamus involved a discovery
dispute and whether or not documents could be compelled from corporate
affiliates and subsidiaries.  Id.
at 656.  The plaintiff seeking the
discovery relied upon the single business enterprise theory but failed to meet
its burden to establish possession, custody or control.  Id. at 657.  In re Western Star Trucks US, Inc.,
112 S.W.3d 756 (Tex. App.BEastland 2003, orig. proceeding), another
mandamus action, similarly involved an effort to obtain discovery, but this
time from a named defendant.  Id.
at 760.  In issue was whether corporate
form was being relied upon to avoid existing corporate debts and liabilities,
joint and several liability, and whether net worth of a named defendant was
discoverable based upon the single business enterprise theory. Id. at
760-61.  Mandamus was granted to rescind
the trial court order deeming a finding of joint and several liability, and to address
issues relating to a deposition; net worth was discoverable.  Id. at 764, 766.  

The cases cited by Metro and SSP are
therefore distinguishable on a variety of grounds.  Even if the single business enterprise
doctrine does not require that Gladstrong Hong Kong be a party to the suit, we
decline to further extend the doctrine as currently understood, by analogy or
otherwise, to the circumstances of this case where Metro and SSP seek to hold a
named defendant vicariously liable for the potentially wrongful acts or conduct
of a non-party.  

We further note the issue of guardian ad
litem fees.  Because determination of
which party or entity is ultimately liable for those fees may be altered upon
remand,  we decline to find that this
issue is ripe for consideration.

We deny Gladstrong's motion for
rehearing.  We reconsider our denial of
the motion to supplement the clerk's record, withdraw the denial, and grant the
motion to supplement the record.  We deny
Metro's motion for rehearing.  We deny
SSP's motion for rehearing.

ERRLINDA CASTILLO

Justice 

 

 

Opinion
on Motion for Rehearing delivered 

and
filed this the 21st day of July, 2005.

 











[1] Butcher, Carter &
Preston Co. v. Republic-Lagun CNC Corp., 2001 Tex. App. LEXIS 6028 (Tex.
App.BHouston [1st Dist.] 2001)
(unpublished), also cited by appellants, involved efforts to collect on a sworn
account. 





[2] SSP also cites to Luedtke
v. BHP Petroleum (Americas) Inc., 1999 Tex. App. LEXIS 2716 (Tex.
App.BAmarillo 1999)
(unpublished), which involved a complex network of foreign and domestic
companies and subsidiaries, a merger and corporate restructuring.  Luedtke, suing under an employment contract,
asserted that  BHP was liable either as
his direct employer, or liable as the alter ego of or a participant in a single
business enterprise with the entity that was his employer.  Id. at *1-*2.  The court found summary judgment
inappropriate because there remained a fact issue as to whether BHP was his
direct employer.  Id. at *14.  El Puerto de Liverpool, S.A. de C.V., v.
Servi Mundo Llantero, S.A. de C.V., 82 S.W.3d 622 (Tex. App.BCorpus Christi 2002, pet.
dism'd w.o.j.), cited by Metro and  SSP,
focused on the alter ego theory.  Id.
at *2.  Murphy Bros. Chevrolet Co. v.
East Oakland Auto Auction, 437 S.W.2d 272, 275-76 (Tex. Civ. App.BEl Paso 1969, writ ref'd
n.r.e.) similarly deals with the theory of alter ego.  See id.