## HOILE VS. YORK.

PARTNERSHIP : *What constitutes persons partners* inter sese.—*Contract with reference to future partnership construed.—Plaintiff excused, by defendant's default, from fulfilling contract.*

Agreement between the parties, that Y. should furnish a certain sum to be used by H. in buying and selling certain kinds of goods, until a specified day, and that each should have one-half the profits; and that Y. was then to be "received into full partnership" in the business, on contributing a certain further sum. *Held,*

1. That this did not constitute them partners *inter sese* during the period first mentioned.
2. That it was H.'s duty, at the end of that period, to render a statement of the purchases and sales, with a view to a division of the profits.
3. That his refusal to do so excused Y. from entering into the partnership which was then to be formed.

ERROR to the Circuit Court for *Winnebago* County.
The action below was by *York* against *Hoile.* On the 12th of November, 1868, the parties entered into a written contract, by the terms of which *Hoile* agreed to receive *York* "into joint and equal partnership in the general produce, fruit and commission business" then carried on by *Hoile,* "on and after the first of April, 1869, upon the following conditions," viz.: that *York* should forthwith furnish *Hoile* $275, to be

used by the latter in the purchase of meat, poultry, or such other articles as his judgment might suggest, from time to time, until the 31st of March, 1869, such meat, poultry, or other articles to be sold as opportunity should offer, and the profits arising from the sales to be equally divided on the day last named; that on the first of April, 1869, *York* should add the further sum of not less than $525, and should thereupon be "received into full partnership" by *Hoile*, "and to an equal share in the good-will, stock, furnishings and appurtenances of said business," as carried on by *Hoile* at a certain specified spot in the city of Oshkosh, and also to an equal share of certain land owned by *Hoile* and cultivated as a garden, and to the trees, shrubs, etc., growing thereon, and the implements, etc., connected with and appurtenant to said garden. It was further agreed that if *York* should fail to fulfill said contract on his part, he should forfeit the $275 advanced by him; and that if *Hoile* should decline "at the time specified to carry out the terms" of said agreement, he should forfeit a like sum. *York* advanced the $275; but he alleges that *Hoile* did not perform any of the conditions of the agreement on his part; that he did not use the $275 in the purchase of meat, poultry and other articles, from time to time, until March 31st, 1869, and did not sell such articles and divide the profits arising from the sales on the day last mentioned; that on that day, and again on the first of April, 1869, *York* demanded of him that he exhibit a statement of the articles purchased with said money, and an account of the sales thereof, and make division of the profits therefrom, but that he absolutely refused, on both of said days, to comply with such request; that thereupon *York* demanded of *Hoile* that the latter should pay him said sum of $275, but that *Hoile* then refused to do so, and had ever since neglected and refused, etc. Judgment is demanded against him, therefore, for $550, with

interest on $275 thereof from November 12, 1868, and on the balance from April 1, 1869.

*Hoile* answered that he had duly performed all the conditions of said contract on his part, and that on the first day of April, 1869, he was ready and willing to accept and receive from *York* the further sum of money to be paid on that day, and to receive him as a partner in the business mentioned in said agreement, and to perform all things that were by him to be performed under the agreement; but that *York* utterly neglected and refused to pay the $525, or any sum whatever, and refused to enter into partnership, etc., to his (*Hoile's*) damage $300; for which he demanded judgment.

The court instructed the jury that if *Hoile* had fulfilled the contract on his part as to purchase and sale of articles with the $275 advanced by *York*, and an equal division of the profits on the 31st of March, 1869, then he had a right, on the first of April, to call upon *York* to furnish $525 and complete the contract on his part; but that if *Hoile* had failed to perform his said agreement, then *York* was entitled to recover in this action $275, less any losses which *Hoile* had suffered in the use of said money. An instruction asked by *Hoile* was *refused*, which was to the effect that if *Hoile* invested the $275 received from *York*, in poultry, or such other articles as he might deem proper, and made no profit upon such investment, and if he then refused to show to *York's* attorney his books containing a statement of those transactions, or refused to make a statement of the same, such a refusal would not justify *York* in refusing to fulfill on his part; and that if *Hoile* was willing to enter into the partnership according to the agreement, *York* could not recover.

Verdict for the plaintiff for $248.63. A new trial having been denied, and judgment rendered on the verdict, *Hoile* took out his writ of error.

*Felker & Weisbrod,* for plaintiff in error, contended that there was a partnership between the parties from November 12th to April 1st, and that the action at law would not lie because its subject-matter related to the partnership (Story on Part., § 2 and § 18, note 3; *Attwater v. Fowler,* 1 Hall, 180; *Lower v. Denton,* 9 Wis. 268; *Drew v. Ferson,* 22 id. 651); and that the court erred in refusing the instruction asked by the plaintiff in error.

*C. Coolbaugh & Son,* for defendant in error, argued that no partnership ever existed between the parties (Collyer on Part., sec. 44; Chitty on Con. 66; *Hesketh v. Blanchard,* 4 East, 144; *Muzzy v. Whitney,* 10 Johns. 226; *Owston v. Ogle,* 13 East, 538; *Venning v. Leckie,* id. 7 ); that a mere participation in the profits will not necessarily make the parties partners *inter sese,* unless they so intend it, whatever liabilities it may create as to third parties ( *Waugh v. Carver,* 1 Smith's L. C.; *Hazard v. Hazard,* 1 Story C. C. 375; *Dwinal v. Stone,* 30 Me. 384, and the cases above cited); that there was here merely a conditional agreement for a future partnership (Douglass, 690; 1 Saund. 320; 38 Me. 384); that *Hoile* having refused to perform the condition, the contract was broken, and *York* had a right to abandon it (2 Parsons on Con. 39, 49), and can sue for the breach (*per* COWEN, J., in *Townsend v. Goewey,* 19 Wend. 428 et seq.; *Musieur v. Trumpbour,* 5 id. 274; *Glover v. Tuck,* 24 id. 153; Collyer on Part. 226); and that the damages were stipulated in the agreement. Chitty on Con. 336; 2 Parsons on Con. 433 et seq.; *Pierce v. Jung,* 10 Wis. 30; *Jones v. Van Patten,* 3 Ind. 107.

COLE, J. We think the contract set out in the complaint contemplated that there should be a settlement or statement rendered by the defendant of the transactions growing out of the first adventure on the 31st of March, 1869. The plaintiff furnished the $275 to

be used by the defendant in the purchase of meat, poultry, or such other articles as his judgment might dictate, and to be sold as opportunity might offer, and the profits arising from such sales were to be equally divided on that day. There could, of course, be no division of profits unless there was some statement rendered by the defendant of the purchases and sales made with this money. And the refusal of the defendant to render such an account or statement of these transactions was a sufficient justification for the plaintiff's declining to perfect the partnership. He very well might decline to go on and perfect the partnership in view of the refusal of the defendant to perform the original agreement, and make a statement of the purchases and sales made with the $275, as that contract required him to do.

And this brings us to the question whether the preliminary agreement constituted the parties to it partners as between themselves. And upon that question we agree with the counsel for the plaintiff, that the contract did not constitute them partners. The intention of the parties, as gathered from the language of the contract, is to control in the matter. And, looking at the various clauses of the contract, it appears to us that the preliminary arrangement amounted merely to this: That the plaintiff was to furnish two hundred and seventy-five dollars, to be used by the defendant in the purchase of meat, poultry, and such other articles as his judgment might dictate, until the 31st of March, 1869; the plaintiff to have one-half of the profits of the business for the use of his money, and the defendant to have the other half as a compensation for his services. The defendant would hold the relation of a servant or agent of the plaintiff in respect to all the transactions which took place under the contract. He was to buy and sell certain things purchased with the plaintiff's money, and as compensation for his services was to receive one-half the

profits of the business. If no profits were realized, then the defendant would receive no pay for his services, and the plaintiff would get nothing for the use of his money. This seems to have been the real object and intention of the parties in making this contract. It is quite analogous to the arrangements entered into in *Hitchings v. Ellis,* 12 Gray, 449, and *Lamb v. Grover,* 47 Barb. 317, and in many other cases of a like character found in the books. The interest of third parties is not in any way involved, the sole question being whether the parties are partners *inter sese.* And we think they were not. The agreement clearly provides for a partnership after April 1, 1869. It stipulates that after that time the plaintiff was to be "received into full partnership" of the business, upon contributing the further sum of $525. Had the defendant performed the contract on his part, and rendered a statement of the purchases and sales made with the $275, he could then have insisted upon the plaintiff's fulfilling it. But as he has seen fit to disregard its stipulations, the plaintiff had the right to abandon it altogether. This view of the contract disposes of all the questions arising upon the record.

*By the Court.*—The judgment of the circuit court is affirmed.