**Oscar F. Mueller, Plaintiff in Error, v. George N. Smith, Defendant in Error.**

### Gen. No. 16,740.

PARTNERSHIP—*when partner unable to perform is not liable to co-partner.* An insurance solicitor received money from a person to buy issued shares of stock in his company, at $15 a share, stating that he would sell them at $25 a share and divide the profits. The president of the company forbade the transaction, so long as there was any treasury stock to be sold. The solicitor returned the purchase money and was sued for the profits that would have been made. *Held*, there was no legal guaranty of profits and that at most the transaction was a joint enterprise, in which one

of the partners was unable through no fault of his, to carry out the transaction.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

GOLDZIER, RODGERS & FROEHLICH, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This comes before us on a writ of error, whereby Oscar F. Mueller, the plaintiff, seeks to have reversed a finding and judgment for George N. Smith, the defendant.

Mueller gave Smith $375, with which Smith was to purchase twenty-five shares of stock of the Northern Life Insurance Company. A receipt was given, which is as follows:

"CHICAGO, ILL., Aug. 10, 1909.
"Received of O. F. Mueller, his check for $375.00 for 25 shares of the Capital Stock of the Northern Life Ins. Co., said stock to be sold to net Mr. Mueller $20.00 per share, or $500.00 for the 25 shares.
                    "(Signed) GEO. N. SMITH.
"Sale to be made by Aug. 25, 1909.
                              "G. N. S."

Smith's statement of the transaction is that he was a solicitor for the Northern Life Insurance Company, in which Mueller was a stockholder; that he had an option on some private stock of the company that could be purchased for $15 a share, and as he was selling the treasury stock at $25 per share, he suggested to Mueller that he furnish the money for twenty-five shares of stock at the price of $15 per share, or $375 for the twenty-five shares, and that he, Smith, would sell the

same for $25 a share and divide the profit of $10 a share between them; that is, Mueller would take $5 per share and Smith would take $5 per share of the profit. Mueller asked how soon the stock could be sold, and Smith told him that he ought to be able to sell it within a very few days. Mueller said this arrangement was satisfactory and that he would "come in" with Smith. Mueller thereupon gave Smith his check for $375, and Smith wrote out and handed him the receipt above set forth.

Mueller's statement is that Smith told him that if he would let him have $375 he knew where he could buy twenty-five shares of stock at $15 a share, and that he could almost immediately sell these shares for $25 a share, "and that we would then divide the profit between us."

Smith was forbidden by his employer, through its president, to sell any private stock as long as there was any treasury stock to be sold, and thereupon Smith returned the money, with interest, to Mueller. Mueller brought suit for the difference between the amount of money returned and the amount it was expected the stock could be sold for: that is, for his share of the expected profits.

It is manifest that there was no guaranty of profits on which Smith would be liable. At most the transaction was a joint enterprise, in which one of the partners was unable, through no fault of his, to carry out the plan of the partnership. Consequently there were no profits to be divided between them.

The finding and judgment of the trial court were right, and will be affirmed.

*Affirmed.*