George W. CEARLEY, Appellant,

v.

Edgar C. CEARLEY, Appellee.

No. 15516.

Court of Civil Appeals of Texas.

Dallas.

Jan. 22, 1960.

Hoyet A. Armstrong, Dallas, for appellant.

Ward L. Koehler, El Paso, for appellee.

DIXON, Chief Justice.

This is a suit for dissolution of an alleged partnership, for an accounting, and for distribution of the partnership assets brought by appellee Edgar C. Cearley against his cousin, appellant George Walker Cearley.

The trial court found that appellee had failed to prove the existence of a partnership. Nevertheless the court rendered a money judgment against appellant for $4,000 based on a finding that payment made by appellant to appellee for services rendered " * * * is an inadequate amount and that plaintiff has showed himself entitled to equitable relief under the allegations and prayer for general relief in equity in plaintiff's petition in the amount of $4,000.00, said amount representing what plaintiff was reasonably entitled to in addition to what he has already received for his services * * *".

Edgar C. Cearley has not appealed from that part of the judgment holding against him on his suit for dissolution of the alleged partnership, for accounting and for distribution of assets. George Walker Cearley has appealed from that part of the decree awarding a judgment against him in the amount of $4,000.

Appellee's petition does not contain a count for damages, for breach of contract, or for quantum meruit, nor does he plead inadequacy of consideration for his services. In his brief appellee admits that he did not seek damages as such.

Appellee's suit is based on a written contract dated February 24, 1953, which superseded an earlier contract dated February 24, 1952. Under the terms of this written contract George Walker Cearley agreed to finance the operation of a liquor store, the financing to consist of the purchase of necessary merchandise, leasing of location, and purchase of fixtures. All merchandise and the fixtures were to remain the property of George Walker Cearley until profits from the business had become sufficient to pay George Walker Cearley in full for all of his investment. George Walker Cearley was not obligated to give any of his time personally to the operation of the business, but might do so at his discretion.

The contract further provided that Edgar C. Cearley should devote his full time to the operation of the business and should keep the store open at all hours a liquor store is permitted to operate legally. Edgar C. Cearley agreed to accept "one half of all profits up to $60.00 per week as full payment for services rendered." (The parties both testified that this provision meant that appellee would receive $30.00 per week for his services). In addition to this payment to Edgar C. Cearley it was agreed that " * * * all profits above $60.00 per week are to be applied against indebtedness of Liquor Store to party of the first part, and then when this indebtedness is paid in full party of the second part becomes one-half owner of all merchandise and fixtures, but full ownership of merchandise and fixtures remain with party of the first part until this indebtedness is paid in full." George Walker Cearley was party of the first part; Edgar C. Cearley was party of the second part.

Appellee Edgar C. Cearley became dissatisfied and on March 26, 1956 he closed the store. The court found, and the evidence amply supports the finding that at that time the profits from the business fell

far short of having paid the indebtedness due George Walker Cearley on his investment.

■ Appellant's first point on appeal is that judgment should have been rendered in his favor because the finding by the trial court that appellee's interest in the venture had not ripened into a partnership interest at the voluntary dissolution date, March 26, 1956, would support no other judgment. Appellee Edgar C. Cearley in reply asserts that the judgment for $4,000 was properly rendered in the exercise of the court's powers of equity.

We agree with appellant. The firm of Kenneth B. White and Co., certified public accountants, made a thorough audit of the business including a supervised inventory of the merchandise and fixtures. The audit shows a capital investment of $15,474.52 with a net earning figure as of March 26, 1956 of $9,315.42 leaving a balance of $6,159.10 still unpaid on the indebtedness due George Walker Cearley.

The written agreement between the parties was an executory contract to form a partnership. The vesting of a half interest in the assets and a right to share in the profits was contingent upon the prior payment of the indebtedness to George Walker Cearley out of the profits of the business. Underberg v. Yates, Tex.Civ.App., 194 S.W.2d 277; Bell v. State, 132 Tex.Cr.R. 81, 104 S.W.2d 511; Millers' Indemnity Underwriters v. Patten, Tex.Civ.App., 238 S.W. 240. Appellant's first point on appeal is sustained.

In his second, third and fourth points appellant contends that the court erred in rendering judgment for appellee for $4,000 by way of equitable relief for the reasons that (2) the pleadings do not support such recovery; (3) there was no evidence to support such recovery; and (4) because such judgment was not the proper measure of recovery.

■ Again we agree with appellant. Appellee filed a suit for equitable relief for dissolution of an alleged partnership, for an accounting, and for distribution of assets. To repeat he did not sue for inadequacy of consideration, or seek legal remedy by way of damages for breach of contract. Though our rules of pleading have been considerably liberalized in the last two decades, it is still not permissible for a litigant to plead one cause of action, and to recover on a different cause of action not plead. Edwards Feed Mill, Inc. v. Johnson, Tex.Civ.App., 302 S.W.2d 151; Arrington v. McDaniel, Tex.Com.App., 14 S.W.2d 1009; Bitter v. Bexar County, Tex. Civ.App., 266 S.W. 224; 8 Tex.Jur.Supp. 93, Note 1. There is nothing in the situation here that makes Rule 67, Texas Rules of Civil Procedure applicable to this case. In Arrington v. McDaniel, supra, a Commission of Appeals held that the inclusion in the prayer of the words "other and further relief to which they may be entitled at law or in equity" [14 S.W.2d 1011] could not enlarge the recovery to embrace a cause of action not within the pleadings.

■ Inadequacy of consideration, when it is available at all either as an affirmative or as a defensive plea, must have support in pleading and proof that (1) fraud was exercised in inducing execution of the contract, or that (2) the consideration is so grossly inadequate as to shock the conscience, thus being tantamount to fraud. 10–A Tex.Jur. 120–122. In this case there is neither pleading nor evidence that George Walker Cearley practiced a fraud on Edgar C. Cearley in inducing him to sign the written agreement. For more than three years Edgar C. Cearley went forward with his part of the agreement receiving $30 per week as payment for his services. Though this is a small salary it must be remembered that Edgar C. Cearley, as part of the consideration, was also to receive a half interest in the business when the indebtedness to George Walker Cearley was fully paid.

The basis of the court's judgment was that $30 per week paid to Edgar C. Cearley as salary plus $120 paid for him as social security and $603 paid for him on his income tax was an inadequate amount, and that he was reasonably entitled to $4,000 additional compensation. We find no basis in the pleadings or the evidence for applying such a measure of recovery.

Appellant's second, third and fourth points are sustained.

■ In his fifth point appellant says that the reasons given by appellee for withdrawing from the business are too trivial to raise an issue of breach of contract. The only importance of the matter has to do with the question whether we should reverse the trial court's judgment and render judgment for appellant; or whether we should reverse the judgment and remand the cause for another trial to enable appellee to amend his petition and sue for damages.

It is appellant's view that appellee is not entitled to recover even if he should be allowed to sue for damages, since it was appellee, not appellant, who wrongfully failed and refused to carry out the partnership contract. We are cited to only one case having to do with the legal remedy. Mueller v. Smith, 173 Ill.App. 45. But we are cited to several cases having to do with the equitable right to cancel a partnership agreement on the grounds of alleged breach of contract. Hoile v. York, 27 Wis. 209; Potter v. Brown, 328 Pa. 554, 195 A. 901, 118 A.L.R. 1415, and Karrick v. Hannaman, 168 U.S. 328, 18 S.Ct. 135, 42 L.Ed. 484.

We believe appellant's position is well taken. If we accept appellee's testimony as true, it seems to us that his complaints were too trivial to justify his closing the store on March 26, 1956, and refusing thereafter further to perform his agreement to form a partnership. Appellee complained because a sale of a bottle of wine was lost due to appellant's act in marking up the price from 35 cents to 36 cents. He objected to the employment of appellant's brother Phil to come to the store Sundays to clean up the premises. He objected to the purchase by appellant of a case of Guckenheimer whiskey and at another time to the purchase of twelve cases of Gilbey's Smirnoff Vodka because he considered they were slow sellers. Another time there was a flare-up over a quart of eggnog that appellant gave to a Negro who was a good customer of the place. We shall not go further with the lengthy list of appellee's complaints. Appellant's testimony as to most of them contradicts appellee's testimony. But even if true they are not of such a nature as to violate the terms of the written contract. It is to be remembered that appellant was the owner of the business and he had a right to exercise the ordinary prerogatives of an owner though he had entered into a contract with appellee whereby appellee, then an employee, might eventually become a partner. Appellant's fifth point is sustained.

■ Should we be in error in sustaining appellant's fifth point we are nevertheless of the opinion that upon reversal we should render judgment for appellant. Appellate Courts will not ordinarily reverse and remand a case merely to allow a litigant to amend his pleadings so as to state an entirely different cause of action. Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112 (Syl. 13); Hankins v. Minchew, Tex.Com. App., 285 S.W. 264 (Syl. 1).

The judgment of the trial court is reversed and judgment is rendered for appellant that appellee take nothing.