Affirmed and Opinion filed October 27, 2005









Affirmed and Opinion filed October 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00984-CV

____________

 

CAROLD J. WORTHAM,
INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATIX OF THE ESTATE OF HUGH WORTHAM,
DECEASED, ROBIN JOHNSON, AND LANCE WORTHAM, Appellants

 

V.

 

DOW CHEMICAL COMPANY, Appellee

________________________________________________________________

 

On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 12344*JG-00

________________________________________________________________

 

O P I N I O N








In this asbestos-related personal injury case,
appellants, Carold J. Wortham, individually and as Administratix of the Estate
of Hugh Wortham, and her two children, Robin Johnson and Lance Wortham,
challenge the trial court=s orders
granting summary judgment in favor of appellee, Dow Chemical Company (ADow@).  In summary, appellants argue the trial court erred in
granting summary judgment for the following reasons: (1) the trial court
granted a no-evidence summary judgment based on Dow=s affirmative defenses, which are not
a proper basis for summary judgment; (2) there is an alleged defect in Dow=s notice of hearing as to its second
motion for summary judgment; (3) the trial court improperly granted summary
judgment based on grounds not raised by Dow; and (4) Dow=s no-evidence motion for summary
judgment does not satisfy the requirements of Rule 166a(i).[1]  Finding no merit in the alleged errors
asserted by appellants, we affirm the trial court=s judgment.

I.  Factual Background 

Hugh Wortham worked as an employee of the Dow
Badische Company[2]
from approximately 1962 through 1996. 
Following his death from lung cancer, appellants filed this personal
injury and wrongful death and survival action against thirty-one defendants,
claiming Wortham=s death
was due to asbestos exposure.[3]  Appellants filed suit against Dow as the
successor-in-interest to Dow Badische. 
They also alleged Dow was liable under a theory of joint venture, and
asserted negligence and gross negligence claims against Dow. 








In the trial court Dow filed two summary judgment
motions.  The first motion requested
summary judgment on (1) appellants=
successor-in-interest claims, (2) Apotential@ claims
appellants had regarding Dow=s
engineering or construction services provided to Dow Badische based on a
statute of repose defense, and (3) negligence claims on no-evidence
grounds.  Dow=s second
motion for summary judgment addressed appellants= claim
that Dow was liable as a joint venturer. 
The trial court granted both motions.[4]


II. 
Discussion

Although appellants expressly list six issues for our review, they
assert arguments under fourteen separate headings that sometimes overlap on the
issues expressly stated and raise issues not expressly stated.[5]  Central to all the issues raised, however, is
the procedural history of the case and thus, we begin by setting out that
history in detail.

A.        Procedural History








In their
second amended petition, the operative pleading when Dow filed its first
summary judgment motion, appellants sued Dow as a successor-in-interest to Dow
Badische, asserting various causes of action and pleading general allegations
against all thirty-one defendants. 
Appellants claimed they were suing for the personal injury and death of
Wortham Ainflicted by negligent, gross
negligent, fraud, deceit, misrepresentations and defective products of the
defendants.@ 
They also alleged the defendants had (1) negligently and intentionally
caused Wortham to be fatally exposed to asbestos; (2) made, sold, specified, or
used asbestos-containing products that were defective and unreasonably
dangerous; (3) conspired to suppress information regarding asbestos; and (4)
intentionally failed to Aprotect, warn, instruct or otherwise prevent@ exposure which was grossly negligent
and constituted battery.  There were no
specificCnor generalCallegations directly against Dow in
appellants= second amended petition; all
references to Dow were only as successor-in-interest to Dow Badische. 

In
response to these allegations, Dow moved for summary judgment claiming it was
not the legal corporate successor to Dow Badische and could not be held liable
for the actions of Dow Badische.  Dow
averred that it sold its stock in Dow Badische in 1978 and divested itself of
any interest in the company.  Dow also asserted
that Dow Badische was a separate corporation, operated at arm=s length from any Dow facilities, and
that BASF was in fact the 
successor-in-interest to Dow Badische. 
Dow also argued that any Apotential@ claims concerning engineering and
construction services were barred by limitations and moved for a no-evidence
summary judgment on appellants= negligence claims, arguing there was no evidence of a duty
owed or breached.    

Appellants
requested leave to timely file a third amended petition, stating in part, A[t]he Third Amended Petition amends
Plaintiffs= claims to assert a direct cause of
action against Dow for its negligence in failing to warn or protect [Wortham]
from asbestos exposure, and in negligently providing health and safety
services.@ 
In their third amended petition, appellants again named Dow as the successor-in-interest
to Dow Badische and reasserted many of the same general allegations as
contained in their second amended petition. 
The new pleading, however, contained the following allegations not
contained in the second amended petition: 








For a
significant period of time that [Wortham] was employed for Dow Badische, Dow
Badische was a joint venture between Dow Chemical Company and BASF.  The Dow Chemical Company maintained control
over the premises at Dow Badische where [Wortham] worked by specifying that
asbestos insulation products be used on the premises and by controlling safety
on the premises.  Further, the Dow
Chemical Company provided services to Dow Badische in the nature of safety and
health during the relevant time periods. 
The Dow Chemical Company was negligent and grossly negligent in failing
to detect and prevent asbestos exposures to [Wortham], to warn [Wortham] of the
dangers of exposures to asbestos and asbestos-containing products, or to
recommend personal protective equipment to aid in the protection of [Wortham]
from exposure to asbestos.

In essentially all other
respects, appellants= third amended petition contained the exact same allegations
as in the previous pleading.[6]

After a hearing on appellants= motion
for leave to file the third amended petition, the trial court issued a letter
stating, in part, the following:

Since the new petition pleads a single new
cause of actionBBi.e. joint venture between
Dow and BadischeBBplus the same causes of
action as pled in the Second Amended Petition, my rulings on Dow=s motion . . . do not
include a ruling on joint venture.  Dow
can file a subsequent motion . . . as to that cause of action.     

* * * * 

Finally, let me address the newly pled
joint venture issue so there will be no misunderstanding at the next summary
judgment hearing.  The Third Amended
Petition pleads that a joint venture existed because (1) Dow maintained control
over Badische=s premises by specifying
that insulation products be used on the premises, and (2) Dow controlled safety
on the Badische premises.








In
its subsequent order, the
trial court granted summary judgment in favor of Dow on all appellants= claims against Dow as a successor-in-interest
and on the claims regarding Dow=s specification of insulation products. The order
also reiterated that the only Anew cause
of action@ asserted against Dow in the
third amended petition was the joint venture claim, this issue was not
considered in the order, and Dow was free to file a motion for summary judgment on that claim.[7] 
Dow then filed its second summary judgment motion, addressing the joint
venture issue on both traditional and no-evidence summary judgment
grounds.  Following a hearing, the trial
court issued an amended order granting both Dow=s first and second summary judgment
motions as to all causes of action alleged by appellants against Dow. 

We begin our discussion of the case by first
examining the procedural issues raised by appellants. 

B.        Procedural Issues

1.         Did
the trial court improperly grant a no-evidence summary judgment on affirmative
defenses?

Appellants
argue on appeal that the trial court erred because it granted Dow a no-evidence
summary judgment on its affirmative defenses, that is, successor-in-interest
liability and the statute of repose defense. 
Correctly, appellants assert that a no-evidence summary judgment cannot
be granted on an affirmative defense.  See Nowak v. DAS Inv. Corp., 110 S.W.3d
677, 680 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (stating a party may not
properly move for a no-evidence summary judgment on a claim or defense on which
it has the burden of proof).  But, though
appellants correctly state the law regarding this issue, it is inapplicable in
this case.  

In its
first summary judgment motion, Dow argued that appellants had no evidence to
support their negligence claims.  But, as
to the successor-in-interest allegations, Dow moved for a traditional summary
judgment and attached supporting evidence. 
Likewise, Dow=s statute of repose argument was also contained in the
traditional summary judgment portion of its motion and Dow furnished evidence
relating to that argument.  Thus, the
record does not support appellants= contention, that the trial court
erred by granting Dow a no-evidence summary judgment on these affirmative
defenses.  








As to
this issue, appellants also argue that Dow could not successfully move for a
no-evidence summary judgment on the joint venture claim, because it too is an
affirmative defense.  It is well settled,
however, that a party seeking to establish the existence of a joint ventureChere, appellantsChave the burden to prove the
matter.  See Ben Fitzgerald Realty Co.
v. Muller, 846 S.W.2d 110, 120 (Tex. App.CTyler 1993, writ denied); Gutierrez
v. Yancey, 650 S.W.2d 169, 171 (Tex. App.CSan Antonio 1983, no writ).  Because appellants had the burden to prove
the existence of the joint venture, Dow could properly move for a no-evidence
summary judgment on that issue. 
Moreover, Dow=s motion addressing the joint venture allegation was both a
traditional and no-evidence motion.[8]    

a.         Single business enterprise

Appellants
also refer to a Asingle business enterprise@ theory in their claim that the trial
court erred in granting summary judgment on Dow=s affirmative defenses; however, as
Dow points out, it did not move for, and the trial court did not grant, a
no-evidence summary judgment on that issue. 


In a
related argument, appellants assert that Dow failed to establish Dow Badische
was not its Asingle business enterprise@ as a matter of law.  Dow argues that it was appellants= burden to plead and prove the
theory, which they failed to do.  We
agree.








Assuming
Texas law recognizes the single business enterprise theory as a basis for
disregarding the corporate fiction,[9]
it was appellants= burden to plead and prove the theory.  See Villanueva v. Astroworld, Inc.,
866 S.W.2d 690, 695 (Tex. App.CHouston [1st Dist.] 1993, writ denied).  Appellants did not plead the Asingle business enterprise@ theory or otherwise raise the issue
in the trial court.  Further, they make
no other argument on appeal regarding the doctrine.  Thus, because the single business enterprise
theory was not raised in the trial court, we do not consider it as a ground for
reversal on appeal.  See Tex. R. Civ. P. 166a(c); McConnell
v. Southside Indp. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). 

Appellants
do argue, however, that their general prayer for relief sufficed to plead the
single business theory.  They contend
that, because the doctrine is an equitable one and they requested any equitable
relief to which they were entitled in their prayer, they pleaded the
theory.  We reject this contention.  

The
purpose of pleadings is to give the parties fair notice of claims, defenses,
and relief sought.  See Tex. R. Civ. P. 47; Perez v.
Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991).  Construing a general prayer for relief as
subsuming any equitable or legal doctrine simply by including those
terms in the prayer, would not serve the purpose of our pleading rules.  See Tex. Indus., Inc. v. Vaughan, 919
S.W.2d 798, 803 (Tex. App.CHouston [14th Dist.] 1996, writ denied) (rejecting argument
that general prayer for Asuch other relief . . . to which plaintiff may be
entitled@ adequately apprised party of damages
that would be sought in light of particular damages requested in pleadings); Cearley
v. Cearley, 331 S.W.2d 510, 512 (Tex. Civ. App.CDallas 1960, no writ).

 








2.         Defective notice of the summary
judgment hearing

Appellants
also argue that Dow=s notice of hearing on the second summary judgment motion was
defective because the notice referred only to the second motion, although
issues raised in the first summary judgment motion were addressed in the
hearing.  Dow responds that appellants
were in fact aware that the issues resolved by the first summary judgment order
would be addressed in the hearing on the second motion because appellants
re-urged some of those issues in their response; therefore, appellants cannot
show any harm.  Dow also contends that
appellants sent the notice for the hearing on the second motion and moreover,
because appellants failed to raise this issue in the trial court, any
complaints regarding the notice have been waived.

We agree
with Dow that this issue has not been preserved for our review.  Generally, a complaint concerning notice is
required to be in writing and before the court at the summary judgment
hearing.  Hall v. Lone Star Gas Co.,
954 S.W.2d 174, 177 (Tex. App.CAustin 1997, pet. denied); see also Tex. R. Civ. P. 166a(c) (stating that
issues not expressly presented to the trial court cannot be considered on
appeal as grounds for reversal). 
Although in certain cases, the complainant may not have an opportunity
to present objections until after the entry of summary judgment, the
complainant is still required to set forth any objections in a post‑judgment
motion.  See id.  Here, there is no post-judgment motion in
which appellants complained of improper notice and therefore, the issue has not
been preserved for review. 








In
addition, the primary purpose of the notice requirement under Rule 166a(c) is
to allow the non-movant to calculate the date on which his response or opposing
affidavits are due.  Goode v. Avis
Rent-A-Car, Inc., 832 S.W.2d 202, 204 (Tex. App.CHouston [1st Dist.] 1992, writ
denied); see Tafollo v. Southwestern Bell Tel. Co., 738 S.W.2d 306, 307
(Tex. App.CHouston [14th Dist.] 1987, no
writ).  Here, appellants had already
filed their response and had, in fact, sent notice of the hearing themselves.[10]


In sum,
we overrule appellants= issues asserting the trial court erred in granting a
no-evidence summary judgment in favor of Dow based on affirmative defenses,
including their argument regarding the single business enterprise theory.  Further, because appellants have waived their
complaint regarding alleged improper notice of the second summary judgment
hearing, we overrule that issue as well. 
We now address the propriety of the trial court=s summary judgment in favor of Dow.

B.        Summary Judgment in Favor of Dow

1.         Appellants= AMalooly@ Issue

In their
first issue on appeal, appellants state A[t]he trial court erred in granting
the motion for summary judgment.@ 
The extent of appellants= supporting argument regarding this issue is as follows: AIssue one in this brief is
recommended in all Summary Judgment appeals by the Supreme Court.@ 
Appellants then cite to Malooly Brothers, Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970).  








In Malooly,
the Texas Supreme Court noted that a general statement, such as the one
presented by appellants, is sufficient Ato allow argument as to all the
possible grounds upon which summary judgment should have been denied.@ 
Id.  There appears to be
some disagreement between the intermediate appellate courts as to whether a
general AMalooly@ issue statement suffices to
challenge every ground asserted in the summary judgment motion, even if the
appellant fails to present an argument on every ground.  See Stevens v. State Farm Fire & Cas.
Co., 929 S.W.2d 665, 669B70 (Tex. App.CTexarkana 1996, writ denied) (noting disagreement among the
courts).  Some courts, including this
one, have determined that a general Malooly issue statement only
preserves a complaint if the ground challenged on appeal is supported by
argument.  See, e.g.,
Cruikshank v. Consumer Direct Mortgage, Inc., 138 S.W.3d 497, 502B 03 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied); Pena v. State Farm Lloyds, 980 S.W.2d 949, 958B59 (Tex. App.CCorpus Christi 1998, no pet.)
(concluding that Malooly allowed the non‑movant to argue broadly
on appeal under a general point of error, but it did not relieve an appellant
of the burden to challenge the grounds for the summary judgment and to present
argument for his case on appeal).[11]  Consequently, this first issue presents
nothing for our review.  To the extent
appellants argue that summary judgment on particular grounds is error,
we address those arguments as raised.   

2.         Were Appellants= Intentional Tort Claims Addressed in
the Trial Court?

Appellants present two issues in which they expressly
state that not all of their causes of action were addressed in Dow=s
motions.  In one of those issues, they
argue the motions did not address their allegations that Dow=s conduct
was grossly negligent and constituted battery, and their conspiracy claim.  They contend that because Dow=s first
summary judgment motion challenged only their negligence claims, the trial
court erred in granting summary judgment on their intentional tort claims.  We now address the first of these two issues.


Appellants construe their pleadings to assert
general allegations against all the Adefendants@
named.  However, appellants named Dow
only as a successor-in-interest to Dow Badische.  We do not construe appellant=s
pleadings to have asserted all general allegations against Dow.








Texas follows a Afair
notice@ standard
for pleading.  Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000); see also Tex. R. Civ. P. 45.  Generally, a pleading provides fair notice of a claim when an
opposing attorney of reasonable competence can examine the pleadings and
ascertain the nature and basic issues of the controversy and the relevant
testimony.  Auld, 34 S.W.3d at
896; State Fid. Mortgage Co. v. Varner, 740 S.W.2d 477, 479 (Tex.
App.CHouston [1st Dist.] 1987, writ
denied).  In determining whether a cause
of action has been pleaded, the court must be able, Afrom an examination of the plaintiff=s pleadings alone, to ascertain with
reasonable certainty the elements of a cause of action and the relief sought
with sufficient particularity upon which a judgment may be based.@ 
Coffey v. Johnson, 142 S.W.3d 414, 417 (Tex. App.CEastland 2004, pet. denied) (citing Stoner
v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979)).  The court looks to the pleader=s intent and will uphold the pleading
as to a cause of action even if some element of that cause of action has not
been specifically alleged.  See Auld,
34 S.W.3d at 897.  Petitions are
construed liberally in favor of the pleader. 
See id. (noting that if no special exceptions are filed, courts
should construe pleadings liberally in favor of the pleader).  But, Aliberally@ does not require a court to read
into a petition what is plainly not there. 
See Toles v. Toles, 113 S.W.3d 899, 911 (Tex. App.CDallas 2003, no pet.).








Here, in
their second amended petition, appellants named Dow as a defendant in its
capacity as the successor-in-interest to Dow Badische.  There were no direct allegations against Dow
contained in that pleading.  In their
third amended petition, appellants carried these allegations forward, again
naming Dow as defendant in a successor-in-interest capacity and asserting the
same general allegations against the Adefendants@ collectively.  Apart from these general allegations,
appellants included one paragraph containing specific allegations of Dow=s liability as a joint venturer and
asserting the claims of negligence and gross negligence against Dow, suggesting
that appellants= intent in amending the pleading was only to include those
specific allegations contained in that one paragraph.  Further, as reflected in their motion for
leave to file the third amended petition, appellants themselves construed their
pleadings in this manner, stating in the motion:  AThe Third Amended Petition amends
Plaintiffs= claims to assert a direct cause
of action against Dow for its negligence in failing to warn or protect
[Wortham] from asbestos exposure, and in negligently providing health and
safety services.@  (Emphasis
added).  The trial court also construed
appellants= third amended pleading similarly,
stating in its letter to the parties that the third amended petition alleged Athe same causes of action as pled in
the Second Amended Petition,@ with the exception of the joint venture allegation.  It is also apparent from Dow=s first summary judgment motion that
its counsel construed appellants= pleadings to allege only claims
against Dow in its capacity as the successor-in-interest to Dow Badische,
noting in the motion that A[w]hile the only allegations in the petition . . . concerning
Dow and the allegations that Dow is the corporate successor to Dow Badische.@[12]

We
construe the allegations of appellants= petitions as did the trial court and
the parties.  See Morriss v. Enron Oil
& Gas Co., 948 S.W.2d 858, 872 n.14 (Tex. App.CSan Antonio 1997, no writ) (noting
that pleadings should be construed as the parties construed them, stating Aif a plaintiff insists that a
contract action is a tort action, his pleadings will be given the construction
that he has given them and acted upon.@). 
Appellants= general allegations were against Dow as the
successor-in-interest to Dow Badische and the direct claims against Dow were
those alleged in the additional paragraph contained in the third amended
petition, that is, joint venture, negligence and gross negligence.[13]








a.         Successor-in-interest claims

Dow
moved for a traditional summary judgment on appellants= successor-in-interest claims,
arguing that it was not the legal corporate successor to Dow Badische and could
not be held liable for the actions of Dow Badische.  Dow stated it sold its stock in Dow Badische
in 1978 and divested itself of any interest in that company.  Dow also asserted that Dow Badische was a
separate corporation, operated at arm=s length from any Dow facilities and
further, that BASF was the successor-in-interest to Dow Badische.  Dow attached summary judgment evidence in
support of its assertions.  Appellants
did not challenge the sufficiency of Dow=s evidence on this issue in the trial
court, or suggest a fact issue existed on that claim.  They do not challenge Dow=s evidence on appeal.  Accordingly, we overrule appellants= arguments and issues in which they
contend that Dow=s motions failed to address their claims of intentional tort,
including battery, deceit, equity, fraud, and misrepresentations because these
claims were alleged against Dow as the successor-in-interest to Dow Badische
and were addressed in Dow=s first summary judgment motion.

2.         Appellants= Joint Venture Claims

Appellants
argue on appeal that Dow failed to establish as a matter of law that Dow Badische
was not its Ajoint venture,@ however, appellants have waived this
issue for our review. 








In their
response to Dow=s second summary judgment motion, challenging the joint
venture theory of liability on both traditional and no-evidence grounds,
appellants argued only that (1) their previous pleadings alleged Dow was liable
under the theories of negligence, gross negligence and strict products
liability; (2) the court=s previous order did not grant summary judgment on these
claims; and (3) therefore, these issues remained in the lawsuit.  This was appellants= complete argument in response to Dow=s summary judgment motion on the
joint venture ground.  They did not
assert that a fact issue existed on joint venture or otherwise argue that
summary judgment on the matter was precluded. 
In fact, in their response, appellants incorporated their previous
response to Dow=s first motion only for the express purpose of Asubstantiat[ing] their allegations as
to why [appellants=] causes of action sounding in negligence, gross negligence,
and strict products liability remain at issue in this case.@ 
In addition, in the conclusion to their response, appellants stated that
the court Ashould grant Dow=s motion for Summary Judgment only
as to the allegation that Dow is liable under the theory of joint venture and
Order that [appellants=] negligence, gross negligence and strict products liability
causes of action are still at issue in this case.@ 
And, in their prayer, the relief requested by appellants was, in part,
as follows: A[Appellants] pray that the court
grant [Dow=s] Motion for Summary Judgment only
as to the allegations that Dow is liable under the theory of joint venture.@ 
Consequently, having requested the court grant summary judgment on the
joint venture issue, appellants cannot now assert on appeal that the relief
requested was error.  See Nesmith v.
Berger, 64 S.W.3d 110, 119 (Tex. App.CAustin 2001, pet. denied) (AA party that asks for a certain type
of relief cannot complain on appeal if that relief is granted.@). 
We overrule appellants= issue on this matter.

3.         Were
Appellants= Negligence and Gross Negligence Claims Against Dow
Addressed in the Trial Court?








In their second issue, expressly stating that Dow
failed to address all of their causes of action, appellants contend there were Anew
causes of action@ alleged
against Dow in their third amended petition, specifically listing these claims
as follows: (1) Dow is liable because it maintained control over the premises
at Dow Badische by specifying asbestos insulation products be used on the
premises and by controlling safety on the premises;[14]
and (2) Dow is liable for providing health and safety services to Dow Badische
during the relevant time periods.  According
to appellants, Dow=s motions
did not address their new negligence and gross negligence claims.

The
three essential elements of any negligence cause of action are (1) a legal duty
owed by one person to another, (2) a breach of that duty, and (3) damages
proximately caused by that breach.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  In its first motion, Dow expressly moved for
a no-evidence summary judgment on appellants= negligence claims.  Specifically, Dow argued that appellants had
no evidence it owed any duty to Wortham, nor that it breached any duty, stating
in part, A[t]here is no evidence that [Dow] did
anything or failed to do anything that contributed to the alleged injury . . .
.Thus, there is no evidence that [Dow] was negligent, and . . . is not liable
under the theory of negligence.@[15] 
Plainly then, Dow moved for summary judgment on appellants= negligence claims.[16]  To the extent appellants= argue that Dow=s first summary judgment motion could
not encompass their later pleaded negligence claims, we disagree. 








If a
summary judgment motion is sufficiently broad, it can be deemed to cover
additional causes of action later pleaded. 
See Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 435B47 (Tex. App.CHouston [14th Dist.] 1999, no pet.).[17]  And, in any negligence claim, a plaintiff
must prove the existence and breach of a legal duty owed to him by the
defendant.  See Kukis v. Newman,
123 S.W.3d 636, 639 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  Here, Dow=s first motion was very broad,
challenging appellants= ability to bring forth any evidence of a duty owed or
breached.  Because those elements are
necessary to establishing appellants= later-filed negligence claims, Dow=s first motion covered those claims.

The
record indicates the parties and the trial court also construed Dow=s first motion broadly to encompass
appellants= negligence claims.  For example, in responding to the motion,
appellants argued that Dow owed a duty to Wortham because, among other things,
Dow Aundertook to render services to Dow
Badische which Dow recognized as necessary for the protection of third persons.@ 
This language mirrors some of the Anew@ allegations contained in appellants= third amended petition.  Further, the trial court issued another
letter following Dow=s second summary judgment motion which stated, in part, that
it had ruled on the negligence causes of action when ruling on Dow=s first summary judgment motion; and,
as we noted previously, appellants= third amended petition was the
operative pleading when the trial court ruled on the first motion.








In sum,
Dow=s no-evidence summary judgment motion
was sufficiently broad enough to encompass appellants= later pleaded negligence causes of
action.  Accordingly, we overrule
appellant=s issues and arguments contending
their negligence and gross negligence causes of action were not addressed by
Dow=s motions.  

We must
affirm a summary judgment if any of the theories presented to the court and
preserved for appellate review are meritorious. 
See Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157
(Tex. 2004).  Other than the issue as
stated above, appellants do not argue that the trial court erred in granting
summary judgment based on Dow=s no-evidence motion. 
The court=s amended order granted both of Dow=s motions on all causes of action
alleged by appellants without specifying any grounds.[18]  Thus, because summary judgment may have been
granted on this unchallenged ground, we affirm the trial court=s grant of summary judgment in Dow=s favor.[19]









Moreover,
even were we to construe appellants= brief as challenging the no-evidence
ground, we have found no record evidence raising a fact issue on appellants= negligence claims.  There is no evidence in the record that Dow
owned the Dow Badische premises at the time of Wortham=s exposure, nor that Dow ever
operated the Dow Badische facility.  The
evidence reflects that Dow and Dow Badische were separate corporations and were
operated separately.  After 1961, the
employees Aloaned@ to Dow Badische by Dow became Dow
Badische employees, and they no longer received their pay from Dow.  Likewise, after that date, the safety forms
used by Dow Badische employees were Dow Badische forms.  Wortham, who was never a Dow employee,
started working for Dow Badische in 1962. 
Also, although there is a contract in the record in which Dow agrees to
provide fuel to Dow Badische and other tangential services, this is not a basis
for establishing liability against Dow for Wortham=s injuries.  There is no evidence that Wortham ever worked
with or around any asbestos containing product supplied or manufactured by Dow,
and no evidence that Dow ever owned, operated, or controlled the Dow Badische
facility.  Further, although appellants
alleged that Dow was liable because it provided health and safety services to
Dow Badische, there is no evidence in the record that Wortham=s injuries were caused by Dow=s negligence in providing these
services.

III.  Conclusion

In
conclusion, we reject appellants= contentions (1) that the trial court
rendered a no-evidence summary judgment based on Dow=s affirmative defenses, and (2) that
it was Dow=s burden to prove Dow Badische was
not its single business enterprise.  We
also conclude appellants waived their complaint alleging that Dow provided them
with a defective notice of the summary judgment hearing.  Further, Dow=s summary judgment motions addressed
all of appellants= causes of action asserted against it.  Because appellants= failed to challenge the trial court=s grant of summary judgment on Dow=s no-evidence grounds, we do not
address the statute of repose issues raised by appellants= in this appeal.

Accordingly,
we affirm the trial court=s judgment.  

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed October 27, 2005.

Panel consists of Justices
Edelman, Seymore, and Guzman.

 

 











[1]  Appellants
also argue in their brief that Dow did not file sworn denials as to appellants= claims against it in its alleged capacities as
successor-in-interest, joint venturer, and single business enterprise.  However, at oral argument, appellants stated
they were abandoning this issue. Therefore, we do not address it.





[2]  In 1958, Dow
and BASF Overzee, N.V., entered into an agreement, forming the Dow Badische
Company.  In 1978, Dow sold its stock in
Dow Badische to the Luchem Corporation. 





[3]  The other
defendants are not parties to this appeal. 






[4]  The trial
court subsequently issued a final judgment regarding the other defendants,
rendering the interlocutory summary judgment orders final.  This appeal then ensued.  





[5]  For example,
one issue stated by appellants is: ADow
fatally failed to follow the requirements for the filing of a [] No-Evidence
Motion for Summary Judgment.@  But, other
than arguing that Dow moved for a no-evidence summary judgment on affirmative
defenses, appellants do not otherwise argue the alleged defective nature of the
motion.  The other issues expressly
presented for our review are listed by appellants as follows: (1) The trial
court erred in granting the motion for summary judgment; (2) The trial court
erred in granting a no-evidence summary judgment Apursuant
to Texas Rule of Civil Procedure 166a(i) on affirmative defenses: statute of
repose, successor-in-interest[,] joint venture and single business enterprise@; (3) The trial court erred in granting a summary
judgment on AWortham=s claims
that Dow was a co-conspirator to commit various intentional torts.  This was not an issue raised in Dow=s motions for summary judgment;@ (4) The trial court erred in granting both motions
for summary judgment Abecause the suit brought against Dow in its capacities
as successor-in-interest joint adventurer and single business enterprise were
never denied by affidavit as required by Texas Rule of Civil Procedure 93@; (5) The trial court erred in its Aorder of April 28, 2003, granting the two Motions for
Summary Judgment >as to all causes of action= [alleged].  Not
all of Wortham=s causes of action were addressed in either the first
or [s]econd [m]otions.@ 





[6]  Appellants
also amended the paragraph containing their general allegation number 2 listed
previously, to include allegations that the Adefendants
. . . provided, supplied or installed asbestos-containing products which were
defective and unreasonably dangerous as designed, manufactured and marketed.@   





[7]  The trial
court=s order also granted summary judgment to Dow on
appellants= conspiracy claim. 





[8]  In this issue,
appellants do not argue that Dow=s
evidence in support of either motion was insufficient nor that their responsive
evidence raised a fact issue on these claims. 
Appellants only argue that the trial court erred in granting a
no-evidence summary judgment on affirmative defenses. 





[9]  Under the Asingle business enterprise@ theory, when two or more corporations are operated as
integrated entities, using resources to achieve a common business purpose, each
constituent corporation may be held liable for debts incurred Ain pursuit of that business purpose.@  Old
Republic Ins. Co. v. Ex‑Im Servs. Corp., 920 S.W.2d 393, 395B96 (Tex. App.CHouston
[1st Dist.] 1996, no writ).  A number of
this state=s appellate courts have recognized the theory as a
means of disregarding corporate forms, including this court.  See, e.g., N. Am. Van Lines, Inc.
v. Emmons, 50 S.W.3d 103, 120B21 (Tex.
App.CBeaumont 2001, pet. denied); Paramount Petroleum
Corp. v. Taylor Rental Ctr., 712 S.W.2d 534, 536 (Tex. App.CHouston [14th Dist.] 1986, writ ref=d n.r.e.) (citing Allright Tex., Inc. v. Simons,
501 S.W.2d 145, 150 (Tex. Civ. App.CHouston
[1st Dist.] 1973, writ ref=d n.r.e.), and Murphy Bros. Chevrolet v. E. Oakland
Auto Auction, 437 S.W.2d 272, 275B76 (Tex.
Civ. App.CEl Paso 1969, writ ref=d
n.r.e.)).  But, in Southern Union Co.
v. City of Edinburg, 129 S.W.3d 74, 86B87 (Tex.
2003), the supreme court noted that it has never considered the Asingle business enterprise@ theory in any detail and declined to decide whether
it was a necessary addition to Texas law.





[10]  Following the
trial court=s order on the first summary judgment, Dow filed its
second motion addressing appellants= joint
venture claim.  Attached to Dow=s second motion was a notice of oral hearing, setting
a hearing on the motion for April 29, 2003. 
On April 7, appellants filed their response to the second motion.  Two days later, on April 9, appellants= counsel filed a notice of hearing on the second
motion, cancelling the April 29 hearing and resetting it for April 11. 





[11]  See also
Judson 88 Partners v. Plunkett & Gibson, Inc., No. 14-99-00287-CV, 2000
WL 977402, *2 n.2 (Tex. App.CHouston [14th Dist.] May 18, 2000, no pet.) (not
designated for publication) (noting that Malooly holds that Aeven a broad point of error must still be supported by
argument challenging each independent summary judgment ground. . . . Otherwise,
the assertion of a broad point of error would shift the burden to the appellate
court to search the record for grounds on which to reverse the summary
judgment.@)  





[12]  After stating
this, Dow continued, Athere is also testimony in the case@ regarding engineering and construction services
provided by Dow and moved for summary judgment on appellants= Apotential@ claims
for providing these services, and in the no-evidence portion of its motion, Dow
asserted appellants could not recover on any other claim or right against
it.  Thus, although Dow moved for summary
judgment on issues other than the successor-in-interest claims, it did so based
on the evidence in the case and not on appellants=
pleadings. 





[13]  In addition,
the general allegations against Dow in its capacity as the
successor-in-interest to Dow Badische did not serve to notify Dow that
appellants sought recovery on those causes of action against Dow directly.  See Monsanto Co. v. Milam, 480 S.W.2d
259, 263 (Tex. App.CHouston [14th Dist.] 1972) (relying on cases that
concluded plaintiff=s pleadings gave no indication to defendants of an
intent to hold them liable for acts done by another, because the plaintiff=s petition Ainformed
defendants that plaintiff based his action on their personal acts@), aff=d, 494 S.W.2d 534 (Tex. 1973).  In Monsanto, the court quoted a case
in which it was acknowledged that Texas=s
pleading rules had been simplified and liberalized, but that it remained if a
pleading alleged an act was committed by a party, it could not support evidence
that the act was done by another for whom the defendant was responsible.  See id. 





[14]  The elements
of a joint venture are (1) mutual right of control, (2) community of interest,
(3) the sharing of profits as principals, and (4) the sharing of losses, costs,
or expenses.  Castle Tex. Prod. Ltd.
P=ship v. Long Trusts, 134 S.W.3d 267, 278 (Tex. App.CTyler
2003, pet. denied).  Appellants= allegations that Dow Amaintained
control@ can be read as merely elaborating on the joint venture claim by
including a specific allegation as to an element of that claim.  The trial court apparently read the pleading
in that manner. But, because appellants asserted in the trial court that this
statement was an allegation of negligence and, on appeal, both parties discuss
it as a negligence claim, we address it in that manner.     





[15]  Appellants
state as an issue that Dow=s no-evidence summary judgment motion was defective,
listing several alleged violations of Rule 166a(i).  Other than stating the issue, however,
appellants fail to provide any argument or authority in support of their
statement.  See Tex. R. App. P. 38.1.  Nevertheless, we find their stated issue to be
without merit because (1) Dow stated it was moving for a no-evidence summary
judgment on appellants= negligence claims, (2) listed the elements necessary
to establish those claims, and (3) then set out the elements it was asserting
appellants had no evidence of.  





[16]  A plaintiff
who cannot support a cause of action for negligence cannot succeed on gross
negligence because a finding of ordinary negligence is a prerequisite to a
finding of gross negligence.  Hall v.
Stephenson, 919 S.W.2d 454, 467 (Tex. App.CFort
Worth 1996, writ denied) (citing Shell Oil Co. v. Humphrey, 880 S.W.2d
170, 174 (Tex. App.CHouston [14th Dist.] 1994, writ denied)).  Thus, we do not discuss appellants= arguments regarding their gross negligence claims
separately from their negligence arguments. 






[17]  In Lampasas,
this court examined whether a no-evidence summary judgment motion included
causes of action later pled.  Id.
at 435.  The motion at issue in that case
asserted there was no evidence of duty, breach, or causation.  See id. at 437.  Because these elements were common to the
negligence claims pleaded, and the non‑movant failed to produce evidence
of these elements, summary judgment was proper on all claims.  Id. at 437; see also Judwin
Properties, Inc. v. Griggs & Harrison, 911 S.W.2d 498, 502B03 (Tex. App.CHouston
[1st Dist.] 1995, no writ) (concluding summary judgment motion contemplated the
claims that were Aeventually specified@ in
non-movant=s amended counterclaim).  





[18]  See
Kolfeldt v. Thoma, 822 S.W.2d 366, 368 (Tex. App.CHouston [14th Dist.] 1992, orig. proceeding)
(concluding that an amended order superseded previous order); see also B.
& M. Mach. Co. v. Avionic Enter., Inc., 566 S.W.2d 901, 902 (Tex. 1978)
(stating second judgment was reformed and, in effect, vacated the first
judgment).





[19]  Appellants
also present a number of arguments as to why the trial court erred in granting
summary judgment to Dow based on its statute of repose defense.  Several of these arguments have already been
addressed in our discussion.  But,
because we affirm the trial court=s
judgment based on the no-evidence ground, we do not further address the statute
of repose arguments.